**In re John D. TERRITO, Debtor.**

**FORD MOTOR CREDIT COMPANY and Robert W. Tauber, Trustee, Plaintiffs,**

v.

**John D. TERRITO, Chelli & Bush, P.C., Schulman & Laifer, Esqs., and Beatrice Sullivan, Defendants.**

**Bankruptcy No. 182–12033–260.
Adv. No. 182–0514.**

United States Bankruptcy Court,
E.D. New York.

Jan. 18, 1984.

Charles Tropp, Staten Island, N.Y., for debtor.

Rood, Schwartz, Cohen & Ruderman, White Plains, N.Y., for Ford Motor Credit Co.

Robert W. Tauber, Brooklyn, N.Y., Trustee.

Raymond J. Aab, New York City, for Chelli & Bush, P.C.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

### I

This proceeding concerns the third of four causes of action appearing in a complaint served by the plaintiff, Ford Motor Credit Company ("Ford"), against the debtor, John D. Territo, on October 8, 1982. The other causes of action have been disposed of in separate proceedings.

In this cause of action Ford alleges that money received by the debtor from the settlement of a state court negligence action may not, as the debtor claims, be retained by the debtor as exempt property pursuant to 11 U.S.C. Section 522(d)(11)(D) and that it is therefore property of the debtor's estate available for distribution to his creditors. A previous motion by Ford for summary judgment on this cause of action was denied, In re Territo, 32 B.R. 377 (Bkrtcy.E.D.N.Y.1983), and the parties were directed to proceed with an evidentiary hearing. Such a hearing was conducted on November 3, 1983 and the court now makes the following findings of fact and conclusions of law with the entry of an order.

### II

### FACTS

Sometime during 1978 the debtor entered into a retail installment contract for the purchase of a new 1978 Mercury Monarch automobile from an automobile dealer. The debtor subsequently assigned the contract to Ford for value prior to maturity. The security interest of Ford in the automobile was duly noted on the certificate of title for the vehicle.

Immediately thereafter, the debtor began making installment payments on the automobile. However, Ford has not received any payments since October 12, 1979. On October 8, 1981 Ford obtained an as yet unexecuted state court judgment against Territo in the sum of $6,120.95. The debtor remains in possession of the vehicle.

In May of 1979 the debtor was involved in an automobile accident resulting in personal injury to himself and property damage to the vehicle. He carried no collision or property damage insurance. On December 17, 1979 he commenced an action for personal injury and property damage in state court pursuant to the New York State Insurance Law, Section 670 et seq., the "No Fault" statute. Under that law, a person involved in an automobile accident is covered by his own insurance carrier on a no fault or first party basis for basic economic loss. Basic economic loss is defined for the purposes of the "No Fault" law as all necessary medical expenses, loss of earnings, and other reasonable and necessary expenses incurred as a result of an automobile accident up to $50,000. Section 671(1).

To recover for economic losses in excess of $50,000 and for non-economic loss, such as pain and suffering, a person must allege that he suffered a serious bodily injury. Section 673(1). Taber v. Niagara Frontier Transit Authority, 101 Misc.2d 92, 420 N.Y. S.2d 692 (1979). Both parties agree that John Territo suffered a serious bodily injury and was therefore able to sue in tort.

On July 18, 1982 the state court action was settled for $25,000. Nowhere in the stipulation of settlement is there any indi-

cation as to what portion was allocated for personal injury, property damage, pain and suffering or lost earnings. The entire amount of the settlement has been disbursed with the exception of $6,886.91. About one-third of the settlement $8,475 went to Chelli & Bush, P.C., attorneys for the debtor in the state court action; $7,038.09 went to the debtor himself; and $2,600 went toward miscellaneous expenses. In an earlier opinion, *In re Territo,* 32 B.R. 377 (Bkrtcy.E.D.N.Y.1983) this court held that a portion of the settlement was attributable to property damage to the vehicle and thus represented proceeds in which Ford held a secured interest. The parties have agreed that such damage amounts to $1,442.90. (Tr. 11/3/83 p. 3). The status of the remaining $5,444.01 is the subject of this proceeding.

On August 9, 1982 the debtor filed a voluntary Chapter 7 petition in bankruptcy in which he claimed as exempt property under 11 U.S.C. Section 522(d)(11)(D) proceeds of the settlement to the extent of the remaining $6,886.91.[1] Ford filed an objection to the claimed exemption, and the Court ordered that Chelli & Bush hold the subject $6,886.91 until the present matter is resolved. *See, In re Territo,* 28 B.R. 315 (Bkrtcy.E.D.N.Y.1983). Ford contends that the personal bodily injury exemption is not available to the debtor since, in its view, New York law limited the debtor's recovery for personal injuries solely to pain and suffering which is specifically non-exempt under Section 522.

### III

### DISCUSSION AND CONCLUSIONS

For the following reasons, the court finds that the debtor may retain as exempt property the remaining $6,886.91 currently be-

ing held by Chelli & Bush, less the $1,442.90 found to be attributable to damage to the vehicle. Thus, $5,444.01 is to be turned over to the debtor.

Ford objects to the debtor's claimed exemption by alleging that under New York law it represents a recovery solely for pain and suffering, a category specifically deemed non-exemptable by Section 522(d)(11)(D). That section states in relevant part that a debtor is allowed to exempt "a payment, not to exceed $7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." It relies for its authority on New York Insurance Law Section 670 *et seq.,* the "No Fault" statute, which it contends limits recoveries in actions such as this solely to pain and suffering.

In the earlier stages of this proceeding the court addressed the questions of New York insurance law raised by Ford, but did not arrive at a final decision with respect to Ford's view of the controlling nature of New York law over the outcome of this matter. *See, In re Territo,* 32 B.R. 377 (Bkrtcy.E.D.N.Y.1983). After further reviewing the facts of this case the court now concludes, after much thought and careful research, that sole reliance on New York law to determine the nature of the debtor's recovery in the state court tort action, and ultimately his ability to retain as exempt property a portion of the settlement of that action, is inappropriate. The election by the debtor of federal exemptions rather than state exemptions dictates that this court must look first and foremost to federal law for guidance on this matter.[2] Unfortunately however, there is a paucity of case law interpreting Section

---

1. As indicated above, a portion of that amount was previously deemed attributable to damage to the vehicle and may not therefore be retained by the debtor as exempt property received in compensation for personal injury.

2. The Bankruptcy Code provides that a debtor may elect those exemptions enumerated in Section 522(d) of the Code or those provided by

the laws of the state of the debtor's domicile. Section 522(b). A state may, however, prevent its citizens from electing Code exemptions. Such is the case in New York as of September 1, 1982. Since the petition in the instant case was filed prior to that date the Code exemptions elected by the debtor are applicable.

522(d)(11)(D). Neither is the legislative history very helpful.

As previously noted, Section 522(d)(11)(D) allows a debtor to exempt "a payment, not to exceed $7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss." If read literally it could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left. At least one other bankruptcy court has reached such a conclusion and has determined that this could not have been the intention of Congress. *Matter of Lynn,* 13 B.R. 361 (Bkrtcy.W.D.Wis.1981).

■ As stated, Ford takes the position that the nature of the debtor's recovery in the state court action was such that as a matter of law it was limited to pain and suffering. While a state law definition of the debtor's recovery may be helpful to this court in establishing whether the debtor's claimed exemption should be allowed, it is not determinative and should not be permitted to interfere with the purposes of the Bankruptcy Code which are to help provide the debtor with a fresh start by allowing him to protect some of his specific assets from the grasp of eager creditors with little or no sympathy for his financial dilemma.

■ This Court has heard evidence concerning the nature of the debtor's injuries and finds they constitute actual bodily injury as intended by the Bankruptcy Code. In *Lynn* injuries to the debtor's back, spine, neck, hips, pelvis, leg, and foot, though not described with greater detail, were deemed to constitute personal injury within the meaning of 11 U.S.C. Section 522(d)(11)(D). The debtor in the instant case suffered an injury to his back that resulted in prolonged hospitalization and rehabilitation necessitated by chronic limited movement. (Tr. 11/3/83 pp. 23–25). This injury appears to fit the limited definition of personal injury suggested by *Lynn.* Accordingly, the debtor should be allowed an exemption for money received as compensation for those injuries. Any other compensation he may have already received in the form of direct payments from his own insurer under the provisions of the New York "No Fault" insurance law do not count towards this amount, however, because such compensation is actually not his to have, but was rather a trust from which his medical expenses and other compensable losses were paid.

■ In support of the argument that the bankruptcy court must look first to its own definitions and interpretations I draw an analogy to 11 U.S.C. Section 523(a)(5) which denies the discharge of a debt for alimony, maintenance or support but excludes debts incurred as part of a property settlement. In making such determination the bankruptcy judge is free to ignore state court labels and examine the facts in order to determine the true nature of the debtor's obligations. H.R. 95–595, 95th Cong., 1st Sess. (1977), p. 364; U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Ackerman,* 28 B.R. 509 (Bkrtcy.S.D.N.Y.1983). By applying this principle of review to the instant situation this Court is free to decide on its own the true nature of the debtor's recovery without the limitations of state court labels. In doing so I find, as earlier noted, that the debtor suffered an actual bodily injury within the meaning of the Bankruptcy Code. I also find that despite any pain and suffering that presumably accompanied that injury, the injury alone was extensive enough to account for all of the money received in settlement of his state court action less that amount attributable to damage to the vehicle.

Pain and suffering is defined as "not only physical discomfort and distress but also mental and emotional trauma." Black's Law Dictionary, 5th ed. In drawing a clear distinction between recovery for bodily injury and pain and suffering it can logically be concluded that Congress intended only mental and emotional trauma to fall under the heading of pain and suffering. There appears to be no other logical explanation for separating out bodily injury from other forms of pain and suffering. Assuming

that to be true, it is this Court's belief that money received by a debtor on account of injuries such as the debtor's were intended to be exemptable under the federal scheme of exemptions. The fact that New York law may define pain and suffering in the context of an automobile accident in such a manner as to bar such an exemption is largely irrelevant. The debtor expressly chose federal exemptions and not state exemptions. Therefore, Congressional intent with regard to the allowability of such exemptions must prevail. The court recognizes that Congress' intent in this area is somewhat ambiguous. When, however, "the intent of the legislature is unclear, liberal interpretation of exemption laws are favored." *In re Wilson,* 22 B.R. 146 (Bkrtcy.D. Oregon 1982). Based on just such a liberal but logical view of the federal exemption statute the court concludes that the debtor may claim as exempt property the sum in question less the amount attributable to damage to the vehicle.

■ The court finds as well that the debtor has a second basis for exempting the sum in question in 11 U.S.C. Section 522(d)(11)(E). That section states that a debtor may exempt:

> a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Though not claimed by the debtor, the court nevertheless invokes its equitable power to conclude, based on the facts, that such an exemption is appropriate.

At the hearing of November 3, 1983 the debtor provided uncontroverted testimony and evidence that prior to the accident he had served as the assistant manager in an automobile service department of a department store at a salary of $12,000 per year. (Tr. pp. 16–17). Following the accident he was unable to return to that position and has since been subsisting on Supplemental Security Income benefits received pursuant to Title 42 of the United States Code, as well as compensation for lost earnings provided by his own insurance carrier under New York's "No Fault" statute. (Tr. pp. 31–34). His income since that time has never exceeded 80% of the level it was at the time he was injured. (Tr. pp. 47–49). Because of a continuing disability it is unlikely he will attain that income level once again without some form of job retraining. (Tr. p. 67). The possibility of his procuring such employment is purely speculative at this time and in any event is not likely in the foreseeable future. Therefore, it may be reasonably concluded, in the absence of any evidence to the contrary, that most, if not all of the money the debtor received from the settlement could be reasonably attributed to lost earnings, and be retained as exempt property on that basis.

IV

ORDER

Therefore, IT IS ORDERED, for the preceding reasons, that the plaintiff Ford's third cause of action in its complaint against the debtor is dismissed. IT IS FURTHER ORDERED that the law firm of Chelli & Bush distribute to the debtor as exempt property the sum of $5,444.01 plus interest accrued thereon, if any, and the sum of $1,442.90 plus interest, if any, to the plaintiff, Ford, as proceeds of damage to the vehicle in which it holds a security interest.