In re David Clyde HAGA, Sr., Debtor.

Bankruptcy No. 3–84–01267.

United States Bankruptcy Court,
E.D. Tennessee.

April 4, 1985.

Peter C. Kral, Knoxville, Tenn., for debtor.

Jenkins & Jenkins, Michael H. Fitzpatrick, Knoxville, Tenn., for trustee.

## MEMORANDUM AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

CLIVE W. BARE, Bankruptcy Judge.

I

At issue is the debtor's claim to exemptions, 11 U.S.C.A. § 522(b)(1) (1979); Tenn. Code Ann. § 26–2–111 (1980). The facts may be summarized as follows.

On March 1, 1980, Mr. Haga was injured on the premises of Blanc and West Lumber Company, Inc., in Jefferson County, Tennessee. On December 22, 1980, Mr. Haga sued Blanc and West Lumber Company and Adrian Blanc in the Circuit Court for Jefferson County, Docket No. 6398. The complaint sought damages for personal injury, associated medical expenses, and loss of profits. Ex. 1. The jury returned a general verdict in favor of Mr. Haga in the amount of $30,000.00. The judgment was entered October 12, 1981.

The defendants appealed the judgment. The Supreme Court of Tennessee affirmed the judgment on March 5, 1984, and thereafter the defendants tendered $37,500.00 to the Jefferson County Circuit Court in satisfaction of the judgment and accrued interest. The attorney of record for Mr. Haga was allowed to withdraw $9,375.00 from the total judgment as his fee.

Subsequent to the trial of the Haga case in 1981, a creditors' bill was filed in the Chancery Court for Jefferson County against Jefferson Building, Inc., a corporation owned by Haga and his son. A receiver was appointed, and it was ultimately

determined that the corporation had no assets. A suit was then brought in the Chancery Court alleging that Haga and his son should be held personally liable for their failure to properly follow corporate law. After the Supreme Court decision on March 5, 1984, plaintiffs in the Chancery Court action filed with the Clerk of the Circuit Court a certified copy of the judgment holding Haga and his son personally liable for the debts of Jefferson Builders, Inc.

Mr. Haga made a claim for certain exemptions in the Circuit Court and was permitted to withdraw $3,085.00 by order of March 29, 1984. A later order granted Mr. Haga an exemption in the entire balance of the judgment proceeds. Intervening creditors appealed the order, and the appeal was pending when Haga filed a Chapter 7 petition in this court on August 6, 1984, claiming as part of his exemptions the following:

| TYPE OF PROPERTY | DESCRIPTION | STATUTE | VALUE CLAIMED EXEMPTED |
|---|---|---|---|
| Personal (Schedule B 2.q.) | Judgments | T.C.A. § 26–2–111 | $ 7,500.00 $18,540.00 |

He listed $75,856.06 in debts, of which $4,500.00 is non-dischargeable as taxes owing to the United States. He received a discharge December 12, 1984.

## II

The debtor, by counsel, has stipulated that $4,267.69 (Haga's actual pecuniary loss), plus associated interest, of the Circuit Court judgment is not exempt.

The debtor's asserted exemptions regarding the balance of the judgment involve Tenn.Code Ann. § 26–2–111(2)(B) and (3) (1980).[1] The debtor initially claimed $7,500.00 as exempt under Tenn.Code Ann. § 26–2–111(2)(B) and the balance of $18,540.00 under Tenn.Code Ann. § 26–2–111(3). However, as noted, the debtor has since acknowledged that $4,267.69 of the total claimed (plus associated interest thereon) is not exempt.

The debtor's last employment before filing his petition was as an employee of a construction corporation in which he held an equity interest.

The debtor has two dependents at the present time, his spouse and a 16-year-old daughter.

The family's monthly living expenses are as follows:

| DEBT | AMOUNT |
|---|---|
| Rent | $450.00 |
| Utilities | 118.62 |
| Telephone | 82.45 |
| Food | 280.00 |
| School supplies | 20.00 |
| Gasoline | 25.00 |
| TOTAL | $976.07 |

The monthly income for the family unit consists of $481.00 received by Mr. Haga and $255.00 received by his daughter under Social Security. The deficiency in the family budget is $240.07 per month, which is made up at the present time by two grown children of the debtor.

1. *Additional exemptions*— ... In addition to the property exempt under § 26–2–102, the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:

  .    .    .    .    .

(2) The debtor's right not to exceed in the aggregate fifteen thousand dollars ($15,000) to receive or [sic] property that is traceable to:

  .    .    .    .    .

(B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ...

(3) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Tenn.Code Ann. § 26–2–111 (1980).

The debtor is a carpenter by trade. He is presently unable to work because of his injuries and is rated 100% disabled for construction work. He had surgery in November 1984 and will have surgery in the future which will continue his disability for 9 to 12 months.

The debtor currently receives medical insurance through Medicare. He is qualified to receive Medicaid benefits but, for unexplained reasons, did not apply until recently therefor. Medicare and Medicaid will pay most of the debtor's medical bills in the future, as long as he is disabled.

The debtor's spouse has an earning capacity of $3.75 per hour but is not presently employed.

The debtor's other exempt assets consist of $2,000.00 in household goods and $100.00 in clothing.

The debtor has a life expectancy of 24.32 years.

The trustee's position is summarized in his brief as follows:

1. *T.C.A. 26-2-111(2)(B):*

The debtor is only entitled to an exemption of $4,415.00 because he previously received $3,085.00 as an advance on this exemption.

2. *T.C.A. 26-2-111(3):*

The debtor did not sue for loss of earning capacity in Jefferson Circuit No. 6398 and is therefore not entitled to any exemption under this section.

There is no evidence in the record demonstrating an award in Jefferson Circuit No. 6398 for loss of earning capacity as part of the $30,000.00 Judgment and therefore the debtor is not entitled to an exemption under this section.

If the Court finds an exemption is appropriate under this section, the Trustee suggests that a combined award under T.C.A. 26-2-111(2)(B) and (3) of $10,000.00 is appropriate.

No exemption in excess of the Schedule B-4 claim should be made, i.e. $20,-

705.39 for both T.C.A. 26-2-111(2)(B) and (3).

$4,267.69 is admitted to not be exempt plus $1,066.92 of the $7,500.00 post Judgment interest paid by the Circuit Court debtors and that portion of the continuing interest related thereto.

The trustee and his attorney are entitled to a fee from the debtor because of the necessity of filing this objection in an amount to be set by the Court.

Post-Trial Brief on Behalf of William T. Watson, Trustee, at 10–11 (filed February 19, 1985).

### III

In his bankruptcy schedules, the debtor has claimed as exempt a total of $26,040.00, that portion of the judgment and post-judgment interest apparently remaining intact on the date of the debtor's bankruptcy petition. Of that total amount, $4,267.69 represents damages for debtor's actual pecuniary loss (in the form of medical expenses) as of the time of the state court trial. In addition, $1,066.92 represents the portion of the post-judgment interest which accrued on this $4,267.69. In short, $5,334.61 (i.e. $4,267.69 + $1,066.92) of the total amount constitutes damages (and interest thereon) for debtor's actual pecuniary loss.

Thus, the debtor may not exempt $5,334.61 of the $26,040.00. Tennessee has opted out of the federal bankruptcy exemptions. 11 U.S.C.A. § 522(b)(1) (1979); Tenn.Code Ann. § 26-2-112 (1980). Under the applicable state statute, the debtor may exempt "[a] payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent...." Tenn.Code Ann. § 26-2-111(2)(B) (1980). The $5,334.61 in damages for actual pecuniary loss (and interest thereon) is clearly not exempt under the statute.[2]

---

**2.** The funds continue to accrue interest. The parties will need, of course, to make whatever

computations are necessary to determine the

However, of the rest of the judgment proceeds, the debtor is entitled to a $7,500.00 exemption under the statute. The debtor's state court judgment was a general verdict. There was no allocation by the jury of specific amounts to specific types of damages. The Tennessee exemption under § 26–2–111(2)(B) is virtually identical to the federal exemption set forth in 11 U.S.C.A. § 522(d)(11)(D) (1979). The legislative history to the federal exemption indicates that the provision "is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings." H.R.Rep. No. 595, 95th Cong., 1st. Sess. 362, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6318.

In *Ford Motor Credit Co. v. Territo*, 36 B.R. 667 (Bankr.E.D.N.Y.1984) the debtor had received $25,000.00 in settlement of a personal injury and property damage claim. Most of the proceeds had been disbursed. As here, the debtor sought to exempt the still undisbursed balance. The stipulation of settlement failed to specify what portion of the settlement was allocated to personal injury, property damage, pain and suffering, or lost earnings. The court concluded that, of the proceeds claimed as exempt, an amount equal to the actual property damage to the debtor's vehicle was not exempt under § 522(d)(11)(D). However, the court found the rest of the undisbursed settlement proceeds to be exempt. Pointing to the existence of a back injury resulting in prolonged hospitalization and rehabilitation, the court concluded "that despite any pain and suffering that presumably accompanied that injury, the injury alone was extensive enough to account for all of the money received in settlement of his state court action less that amount attributable to damage to the vehicle." *Territo*, 36 B.R. at 670.

In the instant case, the debtor's state court judgment was rendered by gen-

eral verdict. Obviously, this court cannot now reconvene the state court jury and ascertain what factors figured in the rendering of the judgment. This court can only perform an analysis similar to that performed by the court in *Territo*. Here, the debtor's actual bodily injury and resultant disability are extensive enough to account for at least $7,500.00 of the damages awarded. The debtor is thus entitled to the full $7,500.00 exemption under Tenn.Code Ann. § 26–2–111(2)(B) (1980).

The debtor has claimed the balance of the judgment proceeds as exempt under Tenn.Code Ann. § 26–2–111(3) (1980). This subsection permits the exemption of a "payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Tenn.Code Ann. § 26–2–111(3) (1980). In his state court complaint the debtor alleged that "his involvement with his construction business has been severely limited since the time of his injury and remains severely limited, requiring the hiring of additional employees, and a loss of profits." Ex. 1, ¶ 15. At the state court trial, however, the debtor's attorney made an oral motion to amend the complaint to seek loss of earning capacity rather than loss of profits. The state court granted the motion. Thereafter, the debtor presented proof in the state court trial indicating an average, local hourly wage of $7.00 per hour for carpentry work. The debtor also introduced proof showing that he had typically worked a minimum of 40 hours per week as a carpenter prior to his injury.

As noted, the debtor's state court general verdict does not allocate a specific portion of the damages as compensation for loss of future earnings. The Tennessee exemption under § 26–2–111(3) is identical to the federal exemption set forth in 11 U.S.C.A. § 522(d)(11)(E) (1979). In *Territo* the court, faced with a settlement stipulation which failed to allocate a specific por-

amount of interest which has accrued to date on

this non-exempt portion of the fund.

tion of the settlement proceeds to lost earnings, nonetheless concluded "in the absence of any evidence to the contrary, that most, if not all of the money the debtor received from the settlement could be reasonably attributed to lost earnings, and be retained as exempt property" under § 522(d)(11)(E). *Territo,* 36 B.R. at 671. The court noted the debtor's continuing disability, his reduced income, and the speculative nature of any possibility that he would procure employment in the foreseeable future. *Id.*

In the instant case, subtracting from the $26,040.00 claimed as exempt both the $5,334.61 (representing non-exempt compensation for actual, pecuniary loss) and the $7,500.00 (deemed exempt as compensation for actual bodily injury) leaves in question a balance of $13,205.39. This court is satisfied that such portion of the judgment proceeds may be reasonably attributed to loss of future earnings.

■ Such damages for loss of future earnings are exempt under the statute only "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Tenn.Code Ann. § 26–2–111(3) (1980). In making this determination under the identical federal exemption, the courts have considered the debtor's present circumstances, other exempt property, the debtor's present income, and any other factors indicating what amount is truly necessary to meet the debtor's basic needs. *In re Johnson,* 36 B.R. 54 (Bankr. D.N.M.1984). Here, the debtor is presently completely disabled from pursuing his trade as a carpenter. Prospectively, he faces further surgery at an undetermined point in the future and continued disability for up to a year thereafter. His current minimal living expenses exceed his current income by approximately 25%. In his Schedule B–4 the debtor has claimed a $2,000.00 exemption in household furniture and a $100.00 exemption in wearing apparel. Considering the factors enumerated above, this court is persuaded that the entire $13,205.39 deemed to represent compensation of loss of future earnings is reasonably necessary for the support of the debtor and his dependents. The debtor is thus entitled to exempt that remaining portion of the judgment proceeds under Tenn. Code Ann. § 26–2–111(3) (1980).[3]

In conclusion, of the total $26,040.00 in judgment proceeds claimed as exempt under Tenn.Code Ann. § 26–2–111(2)(B) and (3), the debtor's exemption is denied to the extent of the $4,267.69 constituting actual pecuniary loss, plus the $1,066.92 representing the post-judgment interest thereon, and plus any additional interest which the parties determine to have accrued on this portion of the judgment and interest while in the hands of the Circuit Court for Jefferson County, Tennessee. Of the remaining balance of the judgment, the debtor is entitled to exempt $7,500.00 pursuant to Tenn. Code Ann. § 26–2–111(2)(B) (1980). The debtor is entitled to exempt the remaining $13,205.39 pursuant to Tenn.Code Ann. § 26–2–111(3) (1980).

---

3. The trustee argues that the debtor's exemptions should be reduced by the $3,085.00 which the state court permitted him to withdraw prior to filing his bankruptcy petition. Acknowledging that exemption rights are generally determined on the date the petition in bankruptcy is filed, the trustee nonetheless contends that the debtor has shifted forums in order to drain a single fund by asserting the same exemption twice in the same fund. Thus, the trustee argues that the debtor's right to the $7,500.00 exemption under Tenn.Code Ann. § 26–2–111(2)(B) should be reduced by the amount previously withdrawn. However, this court does not agree.

There is no reason to assume that the $3,085.00 withdrawn was exempted under § 26–2–111(2)(B) rather than under § 26–2–111(3). It is just as logical—more so, in fact—to conclude that the $3,085.00 withdrawn was exempted under § 26–2–111(3) as compensation for loss of future earnings reasonably necessary for the support of the debtor and his dependents. Even assuming, without deciding, that the debtor must give credit against his exemption rights for the $3,085.00 withdrawn, this court would conclude that that additional amount would be both reasonably attributable to compensation for loss of future earnings and reasonably necessary for the support of the debtor and his dependents. Thus, even requiring the debtor to give credit against his exemption rights for the $3,085.00, the court would conclude that the debtor would be entitled to exempt that amount under Tenn.Code Ann. § 26–2–111(3) (1980).

The trustee's request for a fee and attorney's fee is denied.

IT IS SO ORDERED.