**In re Jimmy STARR and Karen Starr, Debtors.**

**Tamalou WILLIAMS, Trustee, Plaintiff,**

**v.**

**Paul D. GIAMANCO and Jimmy Starr, Defendants.**

**Bankruptcy No. 88–40577.
Adv. No. 90–0214.**

United States Bankruptcy Court,
S.D. Illinois.

Jan. 24, 1991.

Tamalou Williams, Benton, Ill., pro se.

Douglas A. Antonik, Mt. Vernon, Ill., for defendant Jimmy Starr.

Paul D. Giamanco, Mt. Vernon, Ill., pro se.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

Shortly before the debtors' Chapter 11 bankruptcy filing, debtor Jimmy Starr received a personal injury settlement in the amount of $100,000. The settlement proceeds were paid into a trust account of the debtor's attorney, Paul Giamanco, who dis-

bursed a portion of the funds to pay medical bills and attorney fees. The debtor himself received a payment of $13,268.94 from the trust account immediately prior to filing bankruptcy.

During the course of the Chapter 11 proceeding, the debtor received an additional $3,150 in settlement proceeds from his attorney's trust account. This amount was used by the debtors in the ordinary course of operating their two businesses.

The debtors subsequently converted their Chapter 11 proceeding to a proceeding under Chapter 7. In an amendment to their bankruptcy schedules, the debtors claimed an exemption of $7,500 in the personal injury proceeds of $13,470.96 remaining in the trust account at the time of conversion. See Ill.Rev.Stat., ch. 110, ¶ 12–1001(h)(4).

The Chapter 7 trustee responded by filing the instant turnover action, in which she asserts that the debtor has already received the benefit of his personal injury exemption by reason of the trust account payments made both prior to and during the Chapter 11 proceeding. The trustee seeks turnover of $8,918.94 from the debtor, which represents the difference between the total of $16,418.94 received by the debtor and the debtor's $7,500 exemption amount. The trustee additionally seeks turnover from the debtor's attorney of the $13,470.96 remaining in the trust account upon conversion to Chapter 7.

The trustee's action raises two separate issues for the Court's consideration concerning, first, the settlement proceeds received by the debtor prior to bankruptcy and, second, the proceeds received during the course of his Chapter 11 proceeding and spent in the ordinary course of business. In both instances the Court must determine whether the debtor obtained the benefit of his personal injury exemption by reason of these payments and whether the

exemption to which he is entitled must be offset by the amounts already received.

■ With regard to the first issue, the trustee does not contend that any of the settlement funds disbursed to the debtor prior to bankruptcy, or property traceable to those funds, remained in the debtor's possession at the time of his bankruptcy filing. A debtor's bankruptcy estate consists only of property in which he has an interest at the commencement of his case. See 11 U.S.C. § 541(a)(2). Under the bankruptcy exemption provisions, an exemption is claimed as to "property of the estate" (11 U.S.C. § 522(b)), and a debtor cannot be said to have obtained the benefit of an exemption as to property in which the debtor has no interest at the time of filing bankruptcy. Since there has been no showing here that the debtor retained any of the settlement funds disbursed prior to bankruptcy at the time he filed his petition, these funds did not become property of the estate from which his personal injury exemption could be claimed.

■ It is the purpose of federal and state exemption law to protect assets needed for a fresh start from creditor action such as judgment or attachment (see Ill. Rev.Stat., ch. 110, ¶ 12–1001), and a debtor's exemption rights do not arise and cannot be claimed or "used up" until the occurrence of such creditor action. In the bankruptcy context, a debtor's exemption rights are determined at the time of filing his bankruptcy petition. See In re Haga, 48 B.R. 492 (Bankr.E.D.Tenn.1985). In the present case, there was no creditor action or bankruptcy pending at the time the debtor received his initial trust fund payment of $13,268.94, and the amount of this payment cannot be counted against the debtor's personal injury exemption that arose upon filing bankruptcy.[1] Accordingly, the trustee's action for turnover of funds received prior to bankruptcy must fail, and the debt-

---

1. Cf. In re Haga, in which a creditor's bill was filed against the debtor in state court prior to his bankruptcy filing. The debtor made a claim for exemptions and received a payment of personal injury funds in the state court proceeding. When the debtor subsequently sought to exempt the remaining personal injury funds in bank-

ruptcy, the trustee argued that the debtor must offset the amount previously received against his exemption rights. The Haga court sidestepped the issue, finding that the debtor could withdraw the remaining amount under another exemption provision not used in the state court proceeding. 48 B.R. at 496, n. 3.

or will not be considered to have received the benefit of his exemption by reason of the personal injury funds paid to him prior to bankruptcy.

■ The second issue presented by the trustee's action is whether settlement proceeds received during the course of the debtor's Chapter 11 proceeding and spent in the ordinary course of business constitute exempt funds to be offset against the amount of the debtor's exemption. The debtor argues that since the proceeds were used in the operation of his Chapter 11 businesses rather than to benefit himself personally, they constitute nonexempt funds and should not be deducted from his $7,500 personal injury exemption. Any other result, the debtor asserts, would be contrary to the purpose of exemption law to provide debtors with sufficient personal assets to make a "fresh start" after bankruptcy.

The trustee, on the other hand, argues that since exempt funds may be used by a debtor for whatever purpose he wishes, the fact that the debtor here chose to operate his Chapter 11 businesses with funds claimed by him as exempt should not be determinative. The trustee asserts that the debtor has already received a portion of his $7,500 exemption amount while in Chapter 11 and is not now entitled to an additional $7,500 of the settlement proceeds.

The parties have not cited, nor has the Court found, any case law addressing the issue of the exempt status of the personal injury funds received by the debtor during the course of his Chapter 11 bankruptcy proceeding. Having considered the parties' arguments, the Court finds that the trustee's position overlooks the debtor's role as debtor-in-possession in his Chapter 11 case and the unavailability of exempt funds for use in the administration of the debtor's estate. The Court, accordingly, rejects the

trustee's contention that the debtor used exempt funds to operate his Chapter 11 businesses.

■ Preliminarily, the Court notes that the debtor made a proper claim of exemption as to the personal injury proceeds by amending his bankruptcy schedules upon conversion to Chapter 7. Absent an objection or allegation of creditor prejudice resulting from the debtor's delay in amending his exemption schedules, the exemption was effective as of the date of filing the debtor's Chapter 11 bankruptcy case. *In re Williamson*, 804 F.2d 1355 (5th Cir. 1986); *see In re Jelinek*, 97 B.R. 429 (Bankr.N.D.Ill.1989); 3 *Collier on Bankruptcy*, ¶ 521.07, at 521–30.1, ¶ 522.26, at 522–82 (15th ed. 1990). The debtor's claim had the effect of removing or setting aside the debtor's exempt portion of personal injury funds from property of the estate.[2] Thus, the exempt proceeds were not available to be administered in the Chapter 11 bankruptcy proceeding for the benefit of estate creditors.

■ As a Chapter 11 debtor-in-possession, the debtor had the rights, powers, and duties of a trustee to deal with property of the estate, including the power to operate the debtor's business unless ordered otherwise. *See* 11 U.S.C. §§ 1107, 1108. Since continued operation of a Chapter 11 business is important for the debtor to reorganize successfully and maximize the return to creditors, the Code provides authority for the debtor-in-possession to use "property of the estate" in the ordinary course of business. *See* 11 U.S.C. § 363(c)(1). Property of the estate which the debtor has claimed as exempt, however, is not available to benefit his creditors. Accordingly, it may not be used by the debtor-in-possession to operate the debtor's business under § 363(c).[3]

■ The parties here have stipulated that the personal injury proceeds disbursed

**2.** Under § 541, an estate is created as of the commencement of bankruptcy proceedings consisting of all interests of the debtor. Section 522 permits an individual debtor to "take out of the estate" that property which is necessary for a fresh start and for the support of the debtor and his dependents. *In re Spain*, 103 B.R. 286, 195 (N.D.Ala.1988); *see also In re Sumy*, 777

F.2d 921 (4th Cir.1985); *In re Smith*, 640 F.2d 888 (7th Cir.1981).

**3.** *Cf. In re Sumy*, 777 F.2d 921 (4th Cir.1985), in which the court found that the debtor's interest in entireties property owned with his wife was not exempt under § 522(b)(2)(B) and so could

during the debtors' Chapter 11 proceeding were used in the ordinary course of business as contemplated by § 363(c). As such, they constituted nonexempt estate funds used by the debtor as debtor-in-possession for the benefit of creditors. Contrary to the trustee's assertion, the debtor was not free to use personal injury funds that he had exempted from the estate to operate his Chapter 11 businesses. Rather, once he filed for Chapter 11 relief, he took on the status of a debtor-in-possession and was precluded from using exempt funds for this purpose.

For the reasons stated, the Court finds that neither the $13,268.94 amount of settlement proceeds received by the debtor prior to filing his Chapter 11 petition nor the $3,150 amount received by the debtor during the course of the Chapter 11 proceeding constituted exempt funds. Accordingly, the debtor is entitled to payment of his $7,500 personal injury exemption out of the proceeds remaining in his attorney's trust account. The trustee's demand for turnover of $8,918.94 from the debtor is denied. The trustee's demand for turnover from attorney Giamanco is denied as to the $7,500 in exempt funds and allowed as to the non-exempt balance of $5,970.96.

IT IS SO ORDERED.

be administered by the trustee for the benefit of joint creditors under § 363(h).