**In re William B. CHANEY and Martha H. Chaney, Debtors.**

**Bankruptcy No. 92–27929–B.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

March 5, 1993.

Leonard Hackel, Memphis, TN, for debtors.

Edward L. Montedonico, Memphis, TN, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTION

WILLIAM H. BROWN, Bankruptcy Judge.

In this Chapter 7 case, the case trustee filed a timely objection to the debtors' claimed exemption in personal injury proceeds, and the matter was presented to the Court on January 19, 1993, on a stipulated document entitled "Annuity Contract" issued by Safeco Life Insurance Company, and upon the undisputed statements of counsel, and upon the case file, including exhibits attached to the debtors' Chapter 7 petition. There was no dispute of fact but rather an issue of the interpretation of the applicable law. The specific issue is whether Martha H. Chaney, one of the debtors in this case, who was seriously injured in an automobile accident, was entitled to exempt all or part of the annuity contract proceeds resulting from a settlement of that 1988 accident, which settlement was reached in March, 1991.

The annuity contract is dated March 15, 1991, and under the terms of that annuity contract, Martha H. Chaney is to receive $1,767.00 per month beginning on April 15, 1991, and continuing for 360 monthly payments thereafter, or as long as she is alive, whichever is longer. The annuity contract of course provides that it is the entire contract between Safeco Life Insurance Company and the annuitant, Martha H. Chaney, and the contract refers to a settlement agreement and release dated March 23, 1991 between U.S. Fire Insurance Company and Martha H. Chaney. On page 4, numerical paragraph 2 of that annuity contract the following provision appears:

The Periodic Payments constitute damages on account of personal injury or sickness in a case involving physical injury or physical sickness within the meaning of Sections 104(a)(2) and 130(c) of the [Internal Revenue] Code.

No other portion of the annuity contract gives any specificity to the nature of the debtor's injuries or the justification for the monthly amount of the annuity.

The trustee concedes that the debtor would be entitled under applicable Tennessee exemptions to $7,500.00 resulting from her personal bodily injury. *See* Tennessee Code Annotated § 26–2–111(2)(B). However, the trustee disputes that the debtor is entitled to the entire monthly annuity as exempt property.

As stated, no testimony was offered by either the debtor or the trustee; rather, the matter was submitted on stipulated documents and statement of counsel. Among the documents relied upon by the Court would be the debtors' bankruptcy petition, to which are attached exhibits A and B. Exhibit A consists of letters from a psychiatrist, a physician and a clinical psychologist. Those letters document that the debtor, Martha H. Chaney, suffered a total and permanent disability following her automobile accident in February, 1988. The injuries resulted in spinal surgery which was followed by serious complications, and the debtor suffers from other diseases as well. The debtor is under physician, psychiatric, psychotherapy and counseling treatment for her chronic pain and physical disabilities, and the professionals agree that Mrs. Chaney will require long term psychiatric and psychological treatment. Her condition was considered to be static and the prognosis for significant improvement both psychologically and physically was guarded. Her physician stated that her condition rendered her totally disabled as far as future employment was concerned. Exhibit B to the debtors' Chapter 7 petition consisted of a listing of the necessary health medications for Martha H. Chaney, which consisted of in excess of thirty different medications requiring a total monthly cost of $1,360.11. Also attached to the debtors' joint petition was Schedule I, a statement of their current income and expenses. That statement reflected that William B. Chaney had a current net monthly income of $2,931.00 and that Martha H. Chaney had a current monthly income in the amount of her annuity. The parties' combined monthly expenses, including the pre-

scribed medication for Martha H. Chaney totalled $4,699.00; therefore, without dispute the debtors' petition established that their expenses exceeded their income. A quick review of the debtors' joint petition reveals that the substantial majority of the unsecured creditors were medical providers.

The Court does not find in the case file an amendment of the debtors' exemption to claim the entire annuity as exempt; however, the parties were operating under the assumption, and the trustee's objection is based upon the assumption, that the debtor Martha H. Chaney was claiming the entire monthly annuity as exempt. The Court will treat this assumption as being the debtors' intent but will direct the debtor Martha H. Chaney to amend her Chapter 7 petition to claim the entire annuity as exempt property.

The debtors of course are limited to state law exemptions pursuant to Tennessee Code Annotated § 26–2–112. The applicable Tennessee exemptions fall under Tennessee Code Annotated § 26–2–111. It could be argued that the debtor was entitled to the entire annuity as a disability benefit pursuant to Tennessee Code Annotated § 26–2–111(1)(C), which statute provides that all disability, illness or unemployment benefits vesting as a result of disability are exempt. Based upon the physician, psychiatrist and psychologist statements, the debtor clearly is disabled. However, the annuity contract submitted to the Court does not refer to disability but rather to personal injury or physical sickness. As is often the case, the annuity contract does not specify the actual basis for the annuity amount nor was the settlement agreement reached in the state court action presented to this Court. This Court therefore has no basis upon which to conclude that the annuity is a disability contract. However, the Court can conclude that the debtor's physical injuries and psychological maladies flowing therefrom are in fact an "illness," as that word is used in Tennessee Code Annotated § 26–2–111(1)(C). However, the Court still is faced with an inability to conclude that the annuity contract presented to the Court calls for annuity payments

vesting as a result of "disability," as would be required to satisfy that particular exemption statute.

However, the Court can more easily address the debtor's claim to an exemption pursuant to Tennessee Code Annotated § 26–2–111(3). This is the basis for prior decisions such as one by former Bankruptcy Judge Clive W. Bare in *In re Haga,* 48 B.R. 492 (Bankr.E.D.Tenn.1985). In the *Haga* case, Judge Bare analyzed the Tennessee statute and found Tennessee Code Annotated § 26–2–111(2)(B) to be virtually identical to the federal exemption found in 11 U.S.C. § 522(d)(11)(D). That statute, Judge Bare concluded, provided for exemption of payments in compensation of actual bodily injury and was not intended to include attendant costs such as medical payments, pain and suffering, or lost earnings. *In re Haga,* 48 B.R. at 495 (citing legislative history to the federal statute). Similar to this case, Judge Bare pointed out that the debtor's state court judgment was a general verdict, as this appears to be a general settlement, with a lack of specificity of the amount of bodily injury award and the amount of disability award. However, Judge Bare concluded in the *Haga* case that the evidence clearly supported a finding that the debtor was entitled to the full $7,500.00 in personal injury exemptions allowed under Tennessee Code Annotated § 26–2–111(2)(B). This Court agrees that the evidence in this case, without dispute and by consent of the trustee, clearly supports that the debtor was severely injured to such an extent as to justify an exemption for the $7,500.00 provided by that statute.

Judge Bare then went on to analyze Tennessee Code Annotated § 26–2–111(3). Judge Bare considered the evidence of the debtor's "continuing disability, reduced income, and the speculative nature of any possibility that [the debtor] would procure employment in the foreseeable future." *In re Haga,* 48 B.R. at 496. The applicable Tennessee statute permits an unlimited exemption for payment of compensation for loss of future earnings "to the extent reasonably necessary for the support of the

debtor and any dependent of the debtor." Tennessee Code Annotated § 26-2-111(3). In analyzing the facts before it, including those exhibits attached to the debtors' Chapter 7 petition, which were submitted to the Court without dispute, this Court finds that the debtor is incapacitated by her injuries and is not likely to improve so as to be capable of obtaining and maintaining employment. The debtor needs virtually the entire amount of her annuity to pay merely her medication bills each month, and obviously the debtor has other living expenses that are now borne completely by her spouse. As has been pointed out previously, the joint income and expenses of the debtors leave the debtors in a negative position. The bankruptcy petition does not reveal other assets available to the debtors to provide for the ongoing medical expenses and support needs of Martha H. Chaney. Therefore, this Court concludes that the entire annuity in the amount of $1,767.00 received since the filing of this Chapter 7 petition and ongoing until the completion of the annuity contract, so long as the debtor is alive, is exempt pursuant to Tennessee Code Annotated § 26-2-111(3), the Court having found that the entire annuity is reasonably necessary for the support of the debtor and that the annuity, in excess of the $7,500.00 previously allowed as exempt, represents compensation of loss of future earnings of the debtor.

IT IS THEREFORE ORDERED that the Trustee's objection is overruled, that the debtor Martha H. Chaney should immediately and formally amend her claimed exemptions to claim the entire annuity as exempt pursuant to Tennessee Code Annotated § 26-2-111(2)(B) and (3), and that the debtor's annuity in the amount of $1,767.00 per month payable from Safeco Life Insurance Company is exempt so long as the debtor Martha H. Chaney is alive.

SO ORDERED.