### In re Joanne Mildred CELLA, Debtor.

### Bankruptcy No. 90–3013–TS.

United States Bankruptcy Court,
W.D. Oklahoma.

July 2, 1991.

Kenneth L. Spears, Oklahoma City, Okl., for debtor.

Roland Tague, Oklahoma City, Okl., for creditor.

Mike Voorhees, Oklahoma City, Okl., for trustee.

## ORDER REGARDING OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTION

JOHN TeSELLE, Bankruptcy Judge.

Trustee and AMFAC Distribution Corporation (hereinafter "AMFAC") filed their objections to Debtor's claim of exemption on April 16, and April 19, 1991, respectively. Debtor responded to the objections, to which AMFAC replied.[1] AMFAC's objection was set for hearing on May 30, 1991.[2] After hearing arguments of counsel, the Court took the matter under advisement.

### Facts

The facts in this case are uncontested. Debtor is the guarantor of debts her husband incurred prior to his untimely death in a motorcycle accident. When AMFAC sued Debtor in state court on her guaranties, the property interests which Debtor now claims as exempt in this bankruptcy were thrice held to be not exempt under Oklahoma law.[3]

---

**1.** The Court notes Debtor's May 15, 1991, response to Trustee's and AMFAC's objections was untimely. According to Loc.R.Bankr.P. 12(c), Debtor's responses would have been due May 6, and May 7, respectively.

**2.** Although Trustee's objection was not set for hearing, counsel for Trustee appeared and presented oral argument at the May 30, 1991, hearing. This order addresses both objections.

**3.** Debtor sought to exempt from garnishment monthly payments from Metropolitan Property and Liability Insurance Company which represent the insurance settlement resulting from her husband's death. The District Court of Oklahoma County three times held that no part of the unpaid balance of those funds was exempt, as Debtor had already received in excess of $50,000.00, which is the maximum amount of this type of settlement exemptible under Oklahoma law. *See Amfac Distrib. Corp. v. Cella,* Case No. CJ–85–6724, slip ops. (D.Okla. Co. May 5, 1987 (filed July 1, 1987); June 29, 1987 (filed July 10, 1987); Nov. 23, 1987 (filed Jan. 6, 1988)). That ruling was affirmed by the Oklahoma Court of Appeals. *See Amfac Distrib.*

Thereafter, on May 7, 1990, Debtor filed a voluntary Chapter 11 petition. The schedules accompanying Debtor's petition again claimed as exempt Debtor's interest in:

| | | |
|---|---|---|
| Workers Compensation | 31 O.S. § 1(A)(21) | $ 48,300.00 |
| Metropolitan Life Insurance Company (Annuity) | 31 O.S. § 1(A) | $816,000.00 |

(hereinafter the funds Debtor claims as exempt are singularly referred to as the "Compensation Award" and the "Insurance Settlement," and collectively referred to as the "Death Benefits").

A § 341 meeting of creditors was timely held in Debtor's Chapter 11 case. No objections to Debtor's exemption of the Death Benefits were filed within the time allowed for objections. Fed.R.Bankr.P. 4003(b). Subsequently, on February 21, 1991, Debtor converted the case to one under Chapter 7 of the Bankruptcy Code, and a trustee was appointed. Upon Debtor's conversion, another § 341 meeting of creditors was noticed and held. The form order setting the Chapter 7 § 341 meeting of creditors was one specifically used in converted cases, and provided that objections to exemptions "must be filed within 30 days after the conclusion of the meeting of creditors." In reliance on that provision, Trustee and AMFAC filed objections to exemption of the Death Benefits within thirty days after the conclusion of the post-conversion meeting of creditors.[4]

During the hearing, counsel for Debtor stipulated Debtor had received more than $400,000.00 in Death Benefits prior to filing for bankruptcy. Further, when Debtor filed her bankruptcy petition, she was aware of the State court rulings that she was not entitled to exempt any of the unpaid portion of the Insurance Settlement, as she had already received amounts exceeding the $50,000.00 allowed by statute.

### Applicable Statutory Law

Exemptions are covered by § 522 of the Bankruptcy Code. Oklahoma having "opt-ed out" of the Federal exemptions, the applicable subsection of that statute is:

(b) [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in ... paragraph (2) of this subsection....

....

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place....

11 U.S.C. § 522(b)(2)(A). Thus, the Court must look to applicable State law to determine whether Debtor is entitled to claim the Death Benefits as exempt from property of the bankruptcy estate.

Debtor relies upon two subsections of the Oklahoma exemption statute in claiming the Death Benefits as exempt. These subsections, in pertinent part, read as follows:

(A) [e]xcept as otherwise provided ... the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts ...:

....

(20) [s]ubject to the Uniform Fraudulent Transfer Act, Section 112, et seq. of Title 24 of the Oklahoma Statutes, any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress; ... "Retirement plan or arrangement qualified for tax exemption purposes" shall include without limitation, trusts, custodial accounts, insurance, annuity contracts

---

*Corp. v. Cella,* 776 P.2d 571, 572–73 (Okla.Ct. App.1989).

**4.** Had these objections been filed in the Chapter 11 case within the time limits set forth in Rule 4003(b), this opinion would not have been necessary as the amount which would have been held to be exemptible by Debtor would have clearly been limited only to the statutorily allowed amount of $50,000.00.

and other properties and rights constituting a part thereof. By way of example and not by limitation, retirement plans or arrangements qualified for tax exemption purposes permitted under present Acts of Congress include ... individual retirement annuities, ... IRC Section 403(a) annuity plans, IRC Section 403(b) annuities, ... and

(21) Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars. ($50,000.00), but not including any claim for exemplary or punitive damages.

Okla.Stat.Ann. tit. 31 § 1(A)(20) & (21) (West 1991) (hereinafter "§ 1(A)(20)" and "§ 1(A)(21)").

### Contentions of the Parties

Debtor's counsel contends Debtor's claimed exemptions are sustainable, in the full amount claimed, on two grounds. First, counsel argues the Death Benefits are exempt because they constitute an "annuity" as contemplated in § 1(A)(20). Counsel's second contention is that any property claimed as exempt, to which claim no timely objections have been filed, is by default removed from the bankruptcy estate whether or not the property actually qualifies as exempt property under the applicable statute. Counsel argued this creates a new exemption.

AMFAC concedes Debtor is entitled to exempt $50,000.00 of the Death Benefits under § 1(A)(21). However, AMFAC points out that Debtor received more than $50,000.00 prepetition, thus is not entitled to exempt any additional amounts. AMFAC relies upon the Oklahoma Court of Appeals' opinion, which holds that because

Debtor has already received proceeds in excess of $50,000.00, no amount of the remaining unpaid Insurance Settlement is exempt, and suggests this Court is bound by that decision under the doctrine of *res judicata.*

### Issues

The dispositive issues in this case are:

(1) Does the failure of a party in interest to file a timely objection to a claimed exemption convert property not otherwise exemptible under state or federal law into exempt property?

(2) Is the State Court's ruling that the Insurance Settlement proceeds paid to Debtor prepetition satisfied Debtor's § 1(A)(21) exemption binding upon the Bankruptcy Court?

(3) Even if the State Court's ruling concerning the Insurance Settlement is binding on the Bankruptcy Court, can Debtor exempt the Compensation Award under § 1(A)(21), or the Death Benefits pursuant to § 1(A)(20)?

### Discussion
### Timeliness of Objections

Rule 4003(b) provides that objections to exemptions must be filed within thirty days following the conclusion of the § 341 meeting of creditors. It is not necessary for a decision in this case to determine whether upon the conversion of a Chapter 11 case to one under Chapter 7, Rule 4003(b) provides for a second thirty day period for the filing of objections to exemptions.[5]

### Creation of New Exemptions

Section 522(b)(2)(A) provides that a debtor may claim as exempt from property of the bankruptcy estate property which is

---

5. To hold that objections to exemptions must be filed within thirty days after the § 341 meeting of creditors conducted pre-conversion in a case originally filed under Chapter 11 or 13 opens the door for difficult-to-prove abuse. Creditors are not nearly so concerned about claimed exemptions in reorganization cases as they are in liquidation cases. *But see In re Lane,* Case No. BK–86–3674–B, slip op. (Bankr.W.D.Okla. June 3, 1988), wherein Judge Lindsey held that upon conversion of a case from Chapter 11 to one under Chapter 7, the thirty day period runs from the conclusion of the Chapter 11 § 341 meeting of creditors. *See also Redfield v. Peat, Marwick, Mitchell & Co. (In re Robertson),* 105 B.R. 440, 447 (Bankr.N.D.Ill.1989). The fact the notice of the post-conversion § 341 meeting provides for a new period to object to exemptions is not addressed in *Lane* or *Redfield,* and may not have been an issue in those cases. The holding in this case does not depend upon resolution of that issue, thus it is not addressed in this opinion.

exempt under federal, state or local law. Debtor is claiming as exempt the entire proceeds from a workers' compensation award and the settlement received from a tortfeasor's insurance carrier. Such property is exempt under § 1(A)(21), which has a $50,000.00 limit. Any amount in excess of $50,000.00 does not appear to be exemptible under any cited Oklahoma or federal law. At the hearing on this matter, Debtor's counsel contended that if any property not otherwise exemptible is scheduled as exempt and no objections are timely filed, a new exemption is created. It is virtually universally agreed that property otherwise non-exempt does not become exempt simply because a timely objection was not filed. *In re Frazier,* 104 B.R. 255, 257 (Bankr.N.D.Cal.1989) (citations omitted).

### Effect of State Court Ruling

■ When applying state exemption laws, the federal court is to "follow the construction placed thereon by the courts of the state." *Judson v. Witlin (In re Witlin),* 640 F.2d 661, 663 (5th Cir.1981). Where there is no state court decision concerning an exemption issue, the federal trial judge may interpret the state law and will be upheld on appeal unless clearly erroneous. *In re Cummings,* 413 F.2d 1281, 1285 (10th Cir.1969) (citation omitted). However, here there is an Oklahoma Court of Appeals ruling that the exemption claimed by this Debtor of the Insurance Settlement proceeds does not fall within § 1(A)(21) as she previously (prepetition) received payments in excess of the statutorily allowed amount of $50,000.00.

■ In order for this Court to be bound by the State Court decision under the doctrine of *res judicata,* several elements must be satisfied. Those elements are: (1) identity of subject matter; (2) identity of parties and of the capacity of the parties; (3) identity of the cause of action; (4) the original action must have been heard by a court of competent jurisdiction; and (5) the decision must have been rendered on the merits. *Dearing v. State ex rel. Comm'rs of the Land Office,* 808 P.2d 661, 664 (Okla.1991).

■ This Court has considered the facts presented in this case and concludes all required elements have been met for the application of the doctrine of *res judicata.* Accordingly, this Court is bound by the Oklahoma Court of Appeals' decision that, as Debtor has already received proceeds in excess of $50,000.00, no amount of the remaining unpaid Insurance Settlement is exempt under § 1(A)(21).

■ The Oklahoma Court of Appeals did not specifically address whether the Compensation Award is exempt under § 1(A)(21). However, workers' compensation claims and death claims are both included within § 1(A)(21). Therefore, this Court is of the opinion the State Court decision concerning the Insurance Settlement is also applicable to the Compensation Award.[6]

### Exemption of Retirement Annuities

■ Not raised before the Oklahoma Court of Appeals was the issue of whether the Death Benefits are exempt as annuities within the meaning of § 1(A)(20). It is apparent to the Court that § 1(A)(20) is intended to apply only to retirement funds, and that the reference therein to "annuities" refers to annuities established as a part of a retirement program. The Compensation Award clearly does not constitute an "annuity" of any type. As to the Insurance Settlement, according to the agreement entered by Debtor and the insurance companies, the payments to Debtor could be funded by an annuity, but Debtor released any interest she might have in such an annuity. Release and Settlement Agreement at 5. Thus, that statute has no applicability to the facts of this case.

---

**6.** While not raised by the parties, the fact Debtor is receiving payment from two different sources could arguably be a basis for claiming a $50,000.00 exemption from each source. However, the statutory language providing for a maximum $50,000.00 exemption for an "interest in a claim for personal bodily injury, death *or* workers' compensation claim" indicates an intent that there be a single exemption for such claim, regardless of the number of payment sources. § 1(A)(21) (emphasis added).

*Decision*

For the foregoing reasons, Trustee's and AMFAC's objections are sustained. Therefore, Debtor's claim of exemption of the Death Benefits beyond those received prepetition is disallowed.

IT IS SO ORDERED.