**In re William Alan DeVOE and Darlene Marie DeVoe, Debtors.**

**Bankruptcy No. 91–11037–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

Oct. 7, 1991.

*Memorandum of Decision on Trustee's Objection to Claim of Exemption*

CAROL J. KENNER, Bankruptcy Judge.

Debtor William Alan DeVoe ("the Debtor") has claimed as exempt assets his interest in an employer-sponsored retirement plan, valued at $67,229.78, and his interest in a 401(K) plan, valued at $4,900.00. He argues that both are exempt under Massachusetts law, G.L. c. 235, § 34A. The Chapter 7 Trustee, Henry C. Ellis, has objected to the claim of exemption with respect to the 401(K) plan, arguing that under G.L. c. 235, § 34A, the Debtor may claim as exempt either the retirement plan or the 401(K) plan, but not both.[1]

The issue raised is one of statutory construction. The statute, which was enacted only on June 20, 1990, and has not yet been interpreted by the Massachusetts courts, states as follows:

> The right or interest of any person in an annuity, pension, profit sharing or other retirement plan or individual retirement account maintained in accordance with the federal Employee Retirement Income Security Act of 1974 or in any annuity or similar contract purchased with assets distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court concerning divorce, separate maintenance or child support under chapters two hundred and eight, two hundred and nine and two hundred and seventy-three or (ii), in the event of the conviction of such person of a crime, an order of a court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime.

G.L. c. 235, § 34A (added by St.1990, c. 77, § 1). The Trustee argues that the use of "or" in the phrase "in any annuity, pension, profit sharing or other retirement plan or individual retirement account ... or in any annuity or similar contract" is disjunctive and therefore requires that the statute be read as permitting a person to invoke the exemption with respect to no more than one of the listed items. The Debtor, in opposition, cites the principle that exemption laws should be liberally construed in favor of the exemption and argues that the Trustee's disjunctive reading is unduly restrictive.

For several reasons, the Court concludes that the use of "or" does not create the limitation that the Trustee would read into this statute. First, the Trustee's reading would yield unusual if not absurd results. It is not unusual for exemption statutes to contain limitations, but in Massachusetts (as elsewhere), the limitations normally relate to the value of the exempt assets, not

---

**1.** The Trustee has not argued that G.L. c. 235, § 34A, as it relates to ERISA-qualified pension plans, is preempted by ERISA § 514(a), codified at 29 U.S.C. § 1144(a). Therefore, the Court expresses no opinion on that issue.

to the form in which they are held.[2] This is especially true when the asset is cash or a right to receive payments.[3] To limit the number of exempt plans or accounts without regard to their value would yield wildly disparate results without apparent justification. For example, it would permit one debtor to protect the entire value of a $500,000 pension plan but require another to choose among three retirement accounts having an aggregate value of only $50,000. Neither debtors nor creditors would find justice or reason in these results. Such unusual and bizarre results cast suspicion on the Trustee's interpretation.

Second, the legislative act that created G.L. c. 235, § 34A, sheds light on the legislature's intent with respect to the scope of § 34A's exemption. The act—St.1990, c. 77—contained only two sections. The first created G.L. c. 235, § 34A, and the second reads as follows:

> Section 2. Section 28 of chapter 246 of the General Laws, as appearing in the 1988 Official Edition, is hereby amended by striking out the second sentence and inserting in place thereof the following two sentences:—Except as otherwise permitted by law, amounts held by a trustee for a defendant in a pension shall be reserved in the hands of the trustee and shall be exempt from attachment. For purposes of this section, the word "pensions" shall mean any annuity, pension, profit sharing or other retirement plan or individual retirement account maintained

in accordance with the federal Employee Retirement Income Security Act of 1974. St.1990, c. 77, § 2. The protection created by this section clearly extends to all "pensions" regardless of how many a particular debtor may hold. Since the "pensions" that are the subject of § 2 are also the subject of § 1 (which enacted G.L. c. 235, § 34A), the Court concludes that the legislature probably did not intend for the § 1 protections to be narrower than those in § 2. The legislature would not in § 2 exempt all pensions from trustee process if in § 1 it were excluding only one pension per debtor from attachment and execution.

Third, the manner in which the disjunctive "or" is used in G.L. c. 235, § 34A, is important. The Trustee argues that if "or" is meant to be disjunctive, then the statute must be construed to limit the debtor's exemption to one retirement plan or account. This argument ignores entirely the placement, context, and use of the disjunctive (assuming for purposes of argument that "or" should be construed disjunctively) in the statute. The statute does not take the form: the debtor may exempt (a), (b), or (c). If it did, the Trustee's argument would be much stronger. Instead, the statute takes the form: the interest of any person in (a), (b), or (c) shall be exempt. This form too can be construed as the Trustee contends it should, but it can more persuasively be construed as creating an exemption for the Debtor's interest in any asset that appears on the list.[4]

---

**2.** See, for example G.L. c. 235, § 34 (generally), and G.L. c. 188, §§ 1 and 1A.

**3.** See G.L. c. 246, § 28 (wages exempt to extent of $125.00 per week); G.L. c. 175, § 110A (disability insurance benefits exempt to extent of $35.00 per week); G.L. c. 235, § 34 (¶ 13, share in cooperative associations up to aggregate value of $100.00; ¶ 15, cash, savings, deposits, or wages up to aggregate value of $125.00; ¶ 7, money needed for support of family up to $300.00; ¶ 1, monthly amount necessary to pay for fuel, heat, water, light, and hot water, up to $75.00).

Certain rights to receive payments are fully exempt: G.L. c. 176, § 22 (fraternal benefit society benefits are exempt); G.L. c. 175, § 119A (proceeds of annuity or life insurance are exempt if contract or policy so provides); G.L. c. 175, § 132C (group annuity benefits are ex-

empt); G.L. c. 32, §§ 19 & 41 (public employees' retirement benefits are exempt except against claims under support orders); G.L. c. 168, §§ 41 and 44 (Savings Bank Employee Benefit Association annuities and pensions are exempt); G.L. c. 235, § 34, ¶ 15 (any sum received or due as public assistance is exempt); G.L. c. 151A, § 36 (unemployment compensation benefits are exempt except against claims under support orders); G.L. c. 115, § 5 (veterans benefits exempt from trustee process); and G.L. c. 152, § 47 (workers' compensation benefits exempt, subject to certain exceptions).

**4.** Under the latter form, the exemption attaches not to "(a), (b), or (c)," but to "the interest," and the word "or" appears only in the clause that describes the kinds of interests that the exemption protects.

Therefore, in view of the first and second reasons stated above and of the principle that exemption laws should be liberally construed in favor of the exemption, *In re Giarrizzo*, 128 B.R. 321, 322 (Bankr. D.Mass.1991), I conclude that the statute should be construed as exempting both the Debtor's retirement plan and his 401(K) plan. A separate order will enter accordingly.

*Order on Trustee's Objection to Claim of Exemption*

For reasons stated in the separate memorandum of decision issued this day, the objection by the Chapter 7 Trustee, Henry C. Ellis, to Debtor William Alan DeVoe's claim of exemption with respect to his 401(K) plan is overruled.