**In re Stella Lynn ANDERSON and Donald Lynn Anderson, Debtors.**

No. 87784.

Supreme Court of Oklahoma.

Dec. 24, 1996.

Application to Revise Opinion Denied Jan. 29, 1997.

Jack F. Tracey, Purcell, for Debtors.

Susan Manchester, Oklahoma City, for Trustee.

KAUGER, Vice Chief Justice:

A single issue is presented by the question certified: whether 31 O.S.1991 § 1(A)(21)[1] permits an Oklahoma debtor to exempt up to $50,000 for each interest in a separate and distinct claim for personal injury, death or workers' compensation. We find that it does.

## FACTS

The debtors, Donald Lynn and Stella Lynn Anderson (Andersons/debtors), filed bankruptcy on January 23, 1996. The Andersons' financial difficulties were caused by medical bills and lost wages associated with caring for their critically ill child. These problems were compounded when Mr. Anderson injured his shoulder at work. Anderson suffered a second injury when Dr. H. performed an unauthorized surgery on the shoulder.

Three additional surgeries were required to correct the damage allegedly caused by Dr. H's medical malpractice.

Mr. Anderson filed a workers' compensation claim, and he has received total temporary disability benefits and medical treatment. He has also sued Dr. H for his personal injury in a medical malpractice action. Neither the workers' compensation claim nor the personal injury action have been fully litigated, and there has been no recovery on the medical malpractice claim.

■ On March 15, 1996, the Andersons filed an amended Schedule C listing as exempt property under 31 O.S.1991 § 1(A)(21) a $50,000 exemption for the workers' compensation injury and a $50,000 exemption for the medical malpractice injury.[2] The trustee in bankruptcy (trustee) filed an objection in the bankruptcy court to the exemptions claimed. The trustee asserted that § 1(A)(21) provided the debtor with a single $50,000 exemption for one personal injury, one workers' compensation or one death claim. She requested that the bankruptcy court disallow the debtors' claimed exemptions to the extent they exceeded one claim or $50,000.

The debtors responded to the trustee's objection on April 19, 1996, asserting that 31 O.S.1991 § 1(A)(21) limits the value of a single exemption to a maximum of $50,000. However, they argued that § 1(A)(21) allows debtors to claim a $50,000 exemption for each separate and distinct injury——personal injury, death or workers' compensation——enumerated by the statute. Under this analysis, the debtors would be entitled to two $50,000 exemptions——one for the workers' compensation claim and one for the personal injury claim——for a total of $100,000.

---

1. Title 31 O.S.1991 § 1(A)(21) provides:
   "A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:
   21. Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not

including any claim for exemplary or punitive damages."

2. Mrs. Anderson also claimed a $50,000 exemption for the loss of consortium. The trustee did not contest this claim, and it is not considered as part of the question certified. We note that consortium actions are considered to be derivative of the other spouse's personal action and have been held exempt under 31 O.S.1991 § 1(A)(21), id. In re Loyd, 86 B.R. 663–64 (Bankr.W.D.Okla.1988).

Finding no Oklahoma precedent to resolve the question of law, the bankruptcy court certified the question to this Court pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1991 § 1601, *et seq.*, on July 10, 1996. We set a briefing cycle which was completed when the final reply brief was filed on October 8, 1996.

**PURSUANT TO 31 O.S.1991 § 1(A)(21), AN OKLAHOMA DEBTOR MAY EXEMPT UP TO $50,000 FOR EACH INTEREST IN A SEPARATE AND DISTINCT CLAIM FOR PERSONAL INJURY, DEATH OR WORKERS' COMPENSATION.**

■ The debtors concede that 31 O.S.1991 § 1(A)(21) limits the value of a single interest which may be claimed as exempt to $50,000 regardless of the number of sources of payment. Nevertheless, they argue that multiple interests, separate and distinct from each other, may be claimed as exempt. Under the debtors' analysis, if multiple interests are claimed, the exemption may exceed $50,000. The trustee asserts that § 1(A)(21) requires that the debtors' claims be limited to a single action or claim for personal bodily injury, death or workers' compensation for a net value not to exceed $50,000. In the alternative, the trustee suggests that if the statute is interpreted to exempt multiple interests in separate or distinct claims, the aggregate value of the exemption should be limited to $50,000.

Title 31 O.S.1991 § 1(A)(21) provides:

"A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

(21) Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,-000.00), but not including any claim for exemplary or punitive damages."

Section 1(A)(21) addresses three classes of interests which qualify for exemption——personal bodily injury, death or workers' compensation. The statute specifies that up to $50,000 of the interest is free from creditor claims. However, the statute is ambiguous in that it does not specifically delineate: 1) whether a debtor is limited to a single exemption from one of the three classes in an amount not to exceed $50,000; 2) whether two or more of the three classes of claims may be combined to exempt an amount not in excess of $50,000; or 3) whether a debtor with separate and distinct interests may exempt up to $50,000 for each interest claimed.[3] In considering the extent of the exemptions allowed by § 1(A)(21), we are committed to the rule that statutes exempting property from forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose. In cases of doubt, the doubt will be resolved in favor of the exemption.[4]

While recognizing that the case is not directly on point, the trustee relies on *In re Cella*, 128 B.R. 574, 577 (Bankr.W.D.Okla. 1991) for the proposition that § 1(A)(21) limits a debtor to a single $50,000 exemption in one of the three classes enumerated in the statute. In *Cella*, the bankruptcy court held that: 1) the debtor was barred by *res judicata* from relitigating a personal injury and death benefit claim previously determined in state court; and 2) annuity exemptions applied only to annuities established as a part of retirement programs not to annuities resulting from insurance settlements in tort actions. The trustee finds support in *dicta* located in footnote number 6 of the opinion indicating that the statutory language of § 1(A)(21) providing for a maximum $50,000 exemption for an "interest in a claim for personal bodily injury, death or workers' compensation claim" indicates an intent that

---

**3.** See, *In re Marcus,* 172 B.R. 502–03 (Bankr. D.Conn.1994).

**4.** *In re Loyd,* see note 2, supra; *In re Lindsey,* 832 P.2d 1, 4 (Okla.1992); *In re Siegmann,* 757 P.2d 820, 822 (Okla.1988); *Davis v. Wright,* 194 Okla. 451, 152 P.2d 921–22 (Okla.1944).

there be a single exemption for such claim. The same footnote also provides that if a debtor is receiving payment from two different sources, § 1(A)(21) could be construed as a basis for claiming a $50,000 exemption from each source.[5] *Cella* is factually distinguishable. Although *Cella* involved recovery for both workers' compensation and a settlement received from a tortfeasor's insurance carrier, only one injury occurred, a work-related death. Here, Mr. Anderson suffered two separate and distinct injuries to his shoulder——the work-related injury and the alleged medical malpractice.

Our research reveals two cases decided by the federal bankruptcy courts which consider the precise issue presented: whether a debtor, who sustains separate and distinct injuries, may exempt multiple claims under statutes similar to 31 O.S.1991 § 1(A)(21).[6] *In re Rhodes*, 147 B.R. 443, 447 (Bankr.N.D.Ill. E.D.1992), promulgated by the Illinois bankruptcy court, holds that an Illinois statute

granting each debtor a right to exempt payment to not more than $7,500 in value on account of personal bodily injury of the debtor limits the exemption to $7,500 per debtor, rather than to $7,500 per injury suffered.[7] The *Rhodes* court applied a string of construction rules, not all of which supported the result, to reach its conclusion.

Conversely, the Connecticut bankruptcy court in *In re Marcus*, 172 B.R. 502, 504 (Bankr.D.Conn.1994) held that an almost identical exemption statute [8] would not bar a debtor, who had sustained permanent injuries in two accidents, from exempting up to $7,500 for each injury.[9] The Connecticut court noted that the *Rhodes* opinion provided that the interpretation of the statute limiting the debtor to a single exemption was "not without difficulty." In determining that the debtor could claim multiple exemptions for separate and distinct injuries, the *Marcus* court applied a rule of construction we recognize——exemption statutes are construed

---

5. *In re Cella*, 128 B.R. 574, 577–78 (Bankr. W.D.Okla.1991), footnote number 6 provides:

"FN6. While not raised by the parties, the fact Debtor is receiving payment from two different sources could arguably be a basis for claiming a $50,000.00 exemption from each source. However, the statutory language providing for a maximum $50,000.00 exemption for an 'interest in a claim for personal bodily injury, death or workers' compensation claim' indicates an intent that there be a single exemption for such claim, regardless of the number of payment sources. § 1(A)(21) (emphasis added)."

6. The California bankruptcy court has allowed spouses to "stack" personal injury exemptions. However, the California statute construed in *In re Smith*, 119 B.R. 757, 762 (E.D.Cal.1990) differs significantly from 31 O.S.1991 § 1(A)(21), see note 1, supra, in that it does not contain a specified dollar amount subject to exemption. Other provisions of the California Code containing specified maximum dollar amounts have been construed to limit stacking. *In re Smith*, this note, supra.

7. Ill.Rev.Stat. ch. 110, para. 12–1001(h)(4) (1988) provides in pertinent part:

"... the debtor's right to receive, or property that is traceable to, ... a payment not to exceed $7500 in value, on account of personal bodily injury of the debtor or as an individual of whom the debtor was a dependent."

8. 11 U.S.C. § 522(d)(11) provides in pertinent part:

"... the debtor's right to receive ... a payment, not to exceed $7,500, on account of personal bodily injury, not including pain or suffering or compensation for actual pecuniary loss, of the debtor ... "

9. See also, *Matter of Barker*, 768 F.2d 191, 195 (7th Cir.1985) [Debtor was entitled to claim multiple exemptions, or to "stack" exemptions for single automobile under general personal property and motor vehicle provisions of Illinois personal property exemption statute.]; *In re DeVoe*, 134 B.R. 74–75 (Bankr.D.Mass.1991) [Under Massachusetts law, debtor could exempt his interest in employer-sponsored retirement plan as well as his interest in 401(K) plan; exemption statute did not limit debtor to exempting only one of several listed items.]; *In re Mutchler*, 95 B.R. 748, 755–56 (Bankr.D.Mont.1989) [Under Montana tools of trade exemptions, debtors were entitled to stack $3,000 exemptions in implements, professional books, or tools of trade.]; *In re Cabrera*, 96 B.R. 304–05 (Bankr.D.Mont.1988) [Judgment debtor may exempt up to $3,000 in value for item listed in each statutory subsection in disjunctive, rather than $3,000 in aggregate for items listed in all subsections, and debtor could accordingly exempt $3,000 worth of implements as well as $3,000 worth of tools of trade.]. But see, *In re Pastorek*, 33 B.R. 406–07 (Bankr. C.D.Ill.1983) [Debtor could not add the exemption for any other property to the exemption for any one motor vehicle to allow the debtors to exempt $3,200 in any one vehicle.].

liberally in favor of the debtor.[10] The bankruptcy court's holding was also premised on the legislature's failure to specifically require aggregation of the interests under the personal injury portion of the exemption statute when it had included the aggregation requirement in other subsections of the statute. The *Marcus* court noted that where aggregation was intended, the legislature had used precise language to mandate the requirement.

It could have done so here. Although 31 O.S.1991 § 1(A)(21) does not contain aggregation language, other portions of the exemption statute do specifically require that interests be combined. Subsection 1(A)(8) mandates a person's exempt interest in personal clothing be limited to $4,000 "in aggregate value".[11] Additionally, subsection (C) of the statute places a $5,000 exemption limit on homestead implements and tools of the trade.[12] The Oklahoma statutory language, like the language considered in *Marcus*, contains provisions clearly requiring aggregation in portions of the exemption statute——that language is absent from § 1(A)(21).

██ The analysis applied in *Marcus* is persuasive. It comports with the rule that exemptions will be favored if such a construc-

tion is reasonable.[13] It is also consistent with Oklahoma's statutory scheme. The Legislature has specifically required aggregation in one provision of the exemption statute and it has placed a specific statutory cap in others. These requirements are not present in 31 O.S.1991 § 1(A)(21). The absence of mandatory language indicates a legislative intent not to limit debtors to a single exemption for multiple injuries.[14] We find that pursuant to 31 O.S.1991 § 1(A)(21), an Oklahoma debtor may exempt up to $50,000 for each interest in a separate and distinct claim for personal injury, death or workers' compensation.

## CONCLUSION

██ Oklahoma has opted out of the federal scheme of exemptions.[15] Debtors are limited to the exemptions provided under Oklahoma law.[16] Here, there is no guarantee that the debtors will prevail in either the workers' compensation case or in the medical malpractice action. There may be no recoveries subject to exemption under 31 O.S.1991 § 1(A)(21). However, the language used by the Legislature is broad enough to allow multiple exemptions for separate and distinct

**10.** *In re Lindsey*, see note 4, supra; *In re Siegmann*, see note 4, supra; *Davis v. Wright*, see note 4, supra.

**11.** Title 31 O.S.1991 § 1(A)(8) provides in pertinent part:

"... 8. The person's interest, not to exceed Four Thousand Dollars ($4,000.00) in aggregate value, in wearing apparel that is held primarily for the personal, family or household use of such person or a dependent of such person ..."

**12.** Title 31 O.S.1991 § 1(C) provides:

"C. In no event shall any property under paragraphs 5 or 6 of subsection A of this section, the total value of which exceeds Five Thousand Dollars ($5,000.00), of any person residing in this state be deemed exempt."
The exemption in paragraph 5 embraces "(i)mplements of husbandry necessary to farm the homestead"; paragraph 6 covers "(t)ools, apparatus and books used in any trade or profession of such person or a dependent of such person."
We note that the statutory cap imposed in paragraph 6, although upheld by the Court, has been broadly construed to apply to the total value of all property claimed under the subsection so

that, to the extent the combined value thereof exceeds $5,000 the lien of a creditor continues to be effective. *In re Siegmann*, see note 4 at 825, supra.

**13.** *In re Lindsey*, see note 4, supra; *In re Siegmann*, see note 4, supra; *Davis v. Wright*, see note 4, supra.

**14.** *In re Marcus*, 172 B.R. 502–03 (Bankr. D.Conn.1994); *In re Cabrera*, see note 9, supra.

**15.** Title 31 O.S.1991 § 1(B) provides:

"B. No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Section 522 of the Bankruptcy Reform Act of 1978, Public Law 85–598, 11 U.S.C.A. 101 et seq., except as may otherwise be expressly permitted under this title or other statutes of this state."
*In re Walker*, 959 F.2d 894 (10th Cir.1992). In states that have "opted out" debtors are limited to the state exemption list. *In re Walker*, this note supra; *In re Herman*, 120 B.R. 127, 129 (9th Cir.BAP 1990).

**16.** Id. *In re Walker*, see note 15, supra.

injuries. If the Legislature had intended to require that the injuries be combined for exemption purposes, it could have specifically required that the interests be aggregated [17] or it could have mandated a monetary cap.[18] It has not done so. This Court does not sit as a council of revision, empowered to re-write legislation in accord with its own conception of prudent public policy.[19] Pursuant to 31 O.S.1991 § 1(A)(21), the debtors may exempt interests in their workers' compensation claim and in their personal injury action.

**QUESTION ANSWERED.**

We find that pursuant to 31 O.S.1991 § 1(A)(21), an Oklahoma debtor may exempt up to $50,000 for each interest in a separate and distinct claim for personal injury, death or workers' compensation.

ALMA WILSON, C.J., and HODGES, SIMMS, HARGRAVE, SUMMERS and WATT, JJ. concur.

LAVENDER and OPALA, JJ. dissent.

**17.** Title 31 O.S.1991 § 1(A)(8), see note 11, supra.

**18.** Title 31 O.S.1991 § 1(C), see note 12, supra.

**19.** *City of Hugo v. Public Employees Relations Bd.*, 886 P.2d 485, 495 (Okla.1994); *McSorley v. Hertz*, 885 P.2d 1343, 1352 (Okla.1994).