Betty **BAKER** and Rex **Baker**, Appellants,

v.

**LOCKE SUPPLY COMPANY, Appellee.**

No. 63118.

Supreme Court of Oklahoma.

April 21, 1987.

---

Frasier & Frasier by Steven R. Hickman, Tulsa, for appellants.

Lee, Beuch and Davis by C. Scott Beuch, Oklahoma City, for appellee.

HODGES, Justice.

This appeal arose from a personal injury action brought by Betty Baker (appellant) against Locke Supply Company (appellee) after her car collided with a vehicle owned and operated by appellee. Rex Baker, appellant's husband brought a derivative action against appellee for loss of consortium. At trial, the district court directed a verdict in favor of the Bakers on the issue of liability and submitted the remaining issue of damages to the jury. After deliberation, the jury returned a verdict in favor of the Bakers but assessed damages at zero. Appellant moved for a new trial claiming the unanimous jury verdict was not supported by competent evidence. Her husband, however, did not join in her motion for new trial. The trial court denied appellant's motion, but the Court of Appeals in an unpublished memorandum opinion reversed the decision and remanded for partial new trial on the issue of damages. Locke Supply Company appeals the appellate court's reversal and remand to the district court.

The primary issue for review is whether the evidence presented at trial was sufficient to sustain the jury verdict awarding no damages to appellant for appellee's negligence. Appellee believes the jury verdict is supported by sufficient evidence based on the testimony presented at trial. We agree.

The controverted issue at trial was appellant's injuries sustained from the accident. There was conflicting testimony concerning appellant's health condition. However, the facts revealed appellant, a heavy smoker, had a long history of health problems which included bronchial asthma, arthritis, and a gastrointestinal condition. Prior to the accident, appellant also was under a doctor's care for a weight problem caused by her 5'2" and 240 pound frame, and for treatment of hypertension.

Through testimony of appellant and her expert witness, Dr. Gearhart, appellant attempted to show that three days after the accident she suffered from lower back pain. This pain resulted from a preexisting arthritic condition which appellant claimed was aggravated by the accident. However, in cross-examination, appellant admitted that the injury may have been discovered seven days after the accident. Also, the deposition testimony of Dr. Sisler contradicted appellant's testimony as he stated appellant's back injury was due to degenerative spondylolisthesis, resulting from her preexisting arthritic condition. His deposition testimony concluded appellant's medical problems could not be traced with reasonable medical certainty to the accident. He concluded her medical problems could be traced to her age, weight problems and normal degeneration. Therefore, appellant's back injury was a controverted issue that had to be decided by the jury.

Appellant also complained of an injury to her arm. Testimony showed appellant was transported by ambulance to a hospital where she was examined by hospital personnel. The only treatment she received was an ace bandage placed around her arm. At trial, appellant testified that a bump and a permanent mark had been left on her arm, but she stated her arm did not hurt. She indicated to the jury where her purported permanent mark was located. The jury apparently did not believe her testimony. After weighing all the evidence and judging the credibility of the witnesses, the jury unanimously rendered a judgment in favor of appellants without awarding damages. Upon careful review of the trial record, we find the jury could have

found that no physical injury was directly caused or aggravated by the appellee's negligence.

In *Wright v. Central Oklahoma Milk Producers Ass'n,* 509 P.2d 464 (Okla.1973), this Court held a jury verdict is not inconsistent with itself by not awarding damages for pain and suffering where the jury could find a driver's preexisting arthritic condition had not been aggravated or precipitated by accident, and he had suffered no pain or discomfort except arising out of that preexisting condition. In *Wright,* the plaintiff sought damages for personal injuries. However, the defendant contended that the injuries were not due to the accident but to a preexisting condition. This Court concluded the jury verdict is not inconsistent unless the evidence proves the plaintiff's pain was a result of the accident, and the evidence is insufficient to support a finding that no pain resulted from the accident.

In the instant case, the question of whether appellant's injuries resulted from the accident was controverted. Both parties presented evidence including expert testimony to support their positions. Appellant had the burden to prove by a preponderance of the evidence that she did sustain injuries and was entitled to be compensated for her pain and suffering and medical expenses. According to the jury's findings, appellant did not meet her burden of proof.

After examination of the trial record, we conclude the Court of Appeals erroneously reversed the judgment rendered on the unanimous jury decision. It is within the province of the jury to determine the credibility of the witnesses and to decide the effect or weight to be given their testimony. The appellant had her day in court, and the jury of her peers unanimously found the complaints she allegedly suffered were not the result of the accident. In a law action the verdict of a jury is conclusive as to all disputed facts and all conflicting statements, and where there is any competent evidence reasonably tending to support the verdict of the jury, the appellate court will not disturb the verdict

and judgment based thereon. *Walker v. St. Louis-San Francisco Ry. Co.,* 646 P.2d 593, 597 (Okla.1982). In the present matter, we find the record contains evidence, albeit conflicting, that appellant did not sustain any compensable injury from the accident.

Judgment on the jury verdict AFFIRMED and judgment of trial court denying the motion for a new trial AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.