PEOPLES STATE BANK AND TRUST
COMPANY, Appellant,

v.

Ruth Dell BROOKS, Appellee.

No. 67876.

Supreme Court of Oklahoma.

Feb. 9, 1988.

As Corrected March 3, 1988.

Edward O. Lee, Keith R. Gibson, Pate & Payne, P.C., Oklahoma City, for appellant.

Mac D. Finlayson, Jones, Givens, Gotcher, Bogan & Hilborne, Tulsa, for trustee.

James W. Barlow, Tulsa, for appellee.

SIMMS, Justice:

Certified Question of Law from the United States District Court for the Eastern District of Oklahoma.

The appellee/debtor filed her petition for relief under Chapter 7 of the United States Bankruptcy Code on February 21, 1987. In that petition, she claimed as exempt certain life insurance proceeds received as a result of the death of her husband. Appellee relied on 31 O.S.Supp.1986, § 1(A)(19) as the statutory authority for her claimed exemption.

The United States Bankruptcy Court for the Eastern District of Oklahoma allowed the claimed exemption. The trustee in bankruptcy and one of the appellee's creditors appealed that ruling to the United States District Court, which has now certified the following question of law pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1981, § 1601, et seq:

"Does 31 O.S.Supp.1986, § 1(A)(19) provide a person with an exemption for life insurance policy proceeds previously obtained upon the death of that person's spouse?"

We hold that life insurance proceeds are not exempt under that section.

The provision of the statutory homestead exemption at issue, 31 O.S.Supp.1986, § 1(A), states:

"Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of

forced sale for the payment of debts, except as herein provided:

. . . . .

(19) Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages."

This Court is required to determine whether the Legislature intended to include death benefits as a general class, within this exemption as appellee urges, or whether the Legislature intended to exempt only a bankrupt's interest in a recovery through a wrongful death action, as appellant urges.

Our primary task is to discern Legislative intent. See, e.g., *Oklahoma City News Broadcaster's Assn. v. Nigh*, Okl., 683 P.2d 72 (1984). When an ambiguity exists in the wording of a statute, we will adopt a construction which is most reasonable. *LeFlore v. Reflections of Tulsa*, Okl., 708 P.2d 1068 (1985). Here, an ambiguity does exist in the construction to be given the word "death" as it is used in the exemption statute.

When interpreting a statute, we first look to the statute as a whole. *Oklahoma Journal Publishing Co. v. City of Oklahoma City*, Okl., 620 P.2d 452 (1980). We seek harmony, not confusion, in our laws, and when two or more constructions are equally plausible, we will adopt the one which most reasonably avoids a conflict or inconsistency. See, e.g., *Independent School Dist. No. 89 of Oklahoma County v. Oklahoma City Federation of Teachers*, Okl., 612 P.2d 719 (1980). Here, we think that an inconsistency would exist if we were to adopt the construction urged by the appellee that "death" should be read in it broadest possible terms.

As it appears in the statute in question, the word "death" falls between two types of claims: workmen's compensation claims and claims based on personal injuries. Clearly, the subject matter of the entire paragraph relates to claims other than those arising from contract. Here, we rely on the related rules of "noscitur a sociis" and "ejusdem generis", to resolve the question. Translated, these doctrines state that words are given the same meaning as those with which they are used, and general terms, such as "death" are limited in their meaning to that of the specific words with which they are used. See, e.g., *Nucholls v. Board of Adjustment of the City of Tulsa*, Okl., 560 P.2d 556 (1976); *Shurgard Mini Storage of Tumwater v. State Dept. of Revenue*, 40 Wash.App. 721, 700 P.2d 1176 (1985). We think that the legislature intended to exempt only awards arising by reason of wrongful injury, or death, or compensation awards, rather than awards arising out of contractual relationships, such as life insurance proceeds.

Our conclusion is further supported by the realization that the subject of life insurance benefits is specifically dealt with in other provisions of our statutes. In 36 O.S.1981, § 3631,[1] the legislature specifically protected life insurance proceeds from the claims of the deceased's creditors. We believe it significant that the legislature dealt with the specific topic of life insurance proceeds in a bankruptcy setting without creating the specific exemption urged by the appellee here. See also: *In re Privett*, 435 F.2d 261 (10th Cir.1970), where the federal courts recognized this specific protection afforded the beneficiaries of a deceased bankrupt by the Oklahoma Statutes.

Accordingly, we hold that the proper construction of 31 O.S.Supp.1986, § 1(A)(19) is that life insurance proceeds are not within the homestead exemption and, accordingly, may be considered as part of a debtor's assets in a bankruptcy proceeding.

CERTIFIED QUESTION ANSWERED.

---

1. Sec. 3631 reads: "When a policy of life insurance is effected by any person on his own life or on another life in favor of some person other than himself having an insurable interest therein, or made payable by assignment, change of beneficiary or other means to a third person, the lawful beneficiary thereof or such third person, other than the person effecting the insurance or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same."

DOOLIN, C.J., and LAVENDER, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES and KAUGER, JJ., dissent.