**In re Harry Melvin LOYD, Jr. and Maryella Sue Loyd, Debtors.**

**Bankruptcy No. 88–816 TS.**

United States Bankruptcy Court,
W.D. Oklahoma.

June 14, 1988.

Richard J. Henke, Jr. of Richard J. Henke, Jr. & Associates, Oklahoma City, Okl., for debtors.

Susan Manchester of Miskovsky, Sullivan, Taylor & Manchester, Oklahoma City, Okl., for trustee.

## MEMORANDUM DECISION AND ORDER

JOHN TeSELLE, Bankruptcy Judge.

At the time the bankruptcy petition was filed in this case the Debtors were plaintiffs in a state court action. The state court action is still pending and involves a suit for recovery of personal injury damages, including lost consortium. Debtor Maryella Sue Loyd has claimed an exemption of an anticipated award of damages for lost consortium pursuant to 31 O.S. § 1, subd. A, par. 21. (1987). The Trustee has objected to the claimed exemption pursuant to 11 U.S.C. § 704(5).

There does not appear to be any dispute as to the relevant facts. The issue presented is a legal one and, thus, the court decides the issue on the briefs before it.

The issue presented is whether an award for damages resulting from lost consortium is included in the Oklahoma exemption scheme.

Section 1, subd. A, par. 21. provides:

§ 1. Property exempt from attachment, execution or other forced sale—Bankruptcy proceedings

A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

21. Such person's interest in a claim for personal bodily injury, death or worker's compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages.

Thus, we must determine whether a spouse's claim for lost consortium is an "interest in" the other spouse's claim for personal bodily injury.

The Oklahoma courts refer to a consortium action as deriving from the personal injury action. See, *Baker v. Locke Supply Company,* 736 P.2d 155 (Okla.1987); *Walker v. St. Louis—San Francisco Ry. Co.,* 646 P.2d 593 (Okla.1982); *Laws v. Fisher,* 513 P.2d 876 (Okla.1973).

Where, under state law or federal law, the consortium action is considered to be a derivative action of the other spouse's personal injury action, the consortium award has been held to be exempt. *In re Carlson,* 40 B.R. 746 (Bankr.D.Minn.1984) (Consortium action is a right of action for injury to the person of the debtor or of a relative); *In the Matter of Lynn,* 13 B.R. 361 (Bankr. W.D.Wis.1981) (Consortium award is "on account of" the spouse's injury); see also *In re Keyworth,* 47 B.R. 966 (D.Colo.1985); and *In re Sidebotham,* 77 B.R. 504 (Bankr. E.D.Pa.1987).

The Oklahoma Supreme Court has recently clarified its position on exemptions. This court is committed to the rule that statutes exempting property from forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose and in case of doubt the doubt is to be resolved in favor of the exemption. (citations omitted).

*In re Siegmann,* 59 OBAJ 1357 (Okla.1988).

A reasonable construction of the involved exemption statute leads the court to conclude that a spouse is entitled to exempt an award based on lost consortium resulting from injury to the other spouse.

The burden of proving that a debtor is not entitled to a claimed exemption is upon the party raising the objection. *In re Blizard,* 81 B.R. 431 (Bankr.W.D.Ky.1988); Bankr. Rule 4003(c). The Trustee has not met his burden to prove that there should be another construction of the statute resulting in a different conclusion.

Accordingly, the Trustee's objection to Debtors' exemption is overruled and Debtor Maryella Sue Loyd is allowed an exemption for a loss of consortium award up to $50,000.

IT IS SO ORDERED.