AMFAC DISTRIBUTION CORPORATION d/b/a Amfac Electric Supply Co., a California Corporation, Appellee,

v.

Joanne CELLA, an individual and as Guarantor for Baxter Electric, Appellant.

No. 69243.

Court of Appeals of Oklahoma, Division No. I.

June 27, 1989.

Randel Shadid, Edmond, for appellant.

Roland Tague, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon the consideration of the briefs and record in the above styled matter, the Court finds as follows:

1. Appellant seeks reversal of the trial court's order overruling her claim for exemption of certain funds from garnishment proceedings. Appellee had previously obtained A judgment against Appellant which was affirmed on appeal by this Court.

2. Appellant is the recipient of monthly payments from Metropolitan Property and Liability Insurance Company, which represent the insurance settlement resulting from her husband's death. Appellee issued a garnishment summons to Metropolitan for the $4,000 monthly payment owed Appellant for June, 1987. Appellant filed her claim for exemption of the funds pursuant to 31 O.S. Supp. 1986, § 1(A)(21).

3. Appellant contends the trial court erred in failing to grant her claim for exemption. This proposition is without merit. Appellant alleged that the $4,000 payment garnished by Appellee represented a portion of her insurance settlement resulting from the death of her husband. As such, the insurance settlement of the death claim was exempt from garnishment pursuant to 31 O.S. Supp. 1986, § 1(A)(21) which provides in part:

> The following property shall be reserved to every person residing in the State, exempt from attachment or execution ... such person's interest in a claim for personal bodily injury, death or workers' compensation claim for a net amount not to exceed $50,000.00, but not including any claim for exemplary or punitive damages.

Appellant cites no authority in support of her theory allowing election of funds to be treated as exempt.

Appellant alleges that because she had previously not claimed any of the $50,000.00 exemption, she could elect to claim the $4,000 June payment as a portion of her allowed exemption. The record reflects that Appellant had previously received in excess of $400,000 cash for a wrongful death settlement from her husband's death. The trial court ruled that Appellant could claim an exemption on the *first $50,000*, and that she had already received in excess of such a sum. The trial court did not allow Appellant an "election" of which funds she would choose to claim as exempt under 31 O.S. Supp. 1986, § 1(A)(21).

We agree with the trial court's interpretation of the $50,000 exemption. The wording of the statute is clear and unambiguous, "not to exceed $50,000". Appellant's "election theory" allows her to keep in excess of $400,000 without being subject to garnishment. This is clearly in conflict with the wording of the statute. The exemption is for a *maximum* sum of $50,000. Therefore, we determine that the trial court's interpretation is the proper and reasonable construction of the exemption statute.

For the reasons stated above, the order of the trial court is AFFIRMED.

HANSEN and MacGUIGAN, JJ., concur.