**Wanda C. BELLETINI, individually and as Personal Representative of the Estate of Bovio Belletini, Deceased, Appellees,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellant,**

**The Estate of Neil Price, Deceased, Defendant.**

No. 84166.

Court of Appeals of Oklahoma, Division No. 1.

March 29, 1996.

Rehearings Denied April 30, 1996.

Certiorari Denied July 3, 1996.

C.S. Lewis, III, Marilyn M. Wagner, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, for Appellant.

Bob E. Bennett, Ada, James T. Branam, Dennis & Branam, Antlers, for Appellees.

### MEMORANDUM OPINION

JOPLIN, Judge:

Appellant State of Oklahoma, ex rel. Department of Transportation (ODOT) seeks review of the trial court's order granting judgment to Appellee Wanda C. Belletini, individually and as Guardian of the Person and Estate of Bovio Belletini, Deceased[1] (Wanda, Bovio, or collectively Appellees) in Appellees' negligence action to recover damages for personal injury to Bovio. Herein, ODOT asserts (1) immunity from liability under the Oklahoma Governmental Tort Claims Act (OGTCA), 51 O.S. § 151 et seq., (2) failure of Appellees' proof of all elements of actionable negligence, and (3) excessive damages awarded, as well as erroneous assessment of post-judgment interest. Insofar as the trial court held ODOT not exempt from liability and granted judgment against ODOT, we find the judgment supported by the evidence and affirm; insofar as the trial court assessed post-judgment interest, we reverse.

In December 1991, Bovio sustained severe personal injury in a head-on automobile accident while a passenger in a vehicle driven by Decedent Neil Price (Price) as Price drove south in the northbound lanes of the four lane, divided Highway 75-69 two miles south of Caney, Oklahoma.[2] Immediately north of the intersection where Price drove south into the northbound lanes of Highway 75, ODOT had established a construction zone to repair the roadway in the right lane of the two southbound lanes of the highway.

Wanda, both individually and as Bovio's guardian, commenced suit against ODOT and Price's estate, alleging, *inter alia*, that ODOT's negligence in the performance of road maintenance by failing to adequately warn of and/or provide direction around the construction zone caused or contributed to Bovio's injury. ODOT answered, *inter alia*, denying liability under the OGTCA.

At non-jury trial, one witness testified that he saw Price's car change from the southbound lanes to the northbound lanes adjacent to the ODOT construction zone. The testimony of the ODOT engineer responsible for publication of sign-posting guidelines and placement of signs at the subject construction zone arguably tended to show that ODOT neither placed warning devices in and around the construction zone in accord with then current Department of Transportation guidelines, nor stationed a flagman at the subject intersection to guide motorists past the construction zone and back into the proper lanes of traffic because the construction crew worked shorthanded on the date of the accident, and that further efforts in those particulars "probably" could have avoided the accident.

However, another witness testified that Price mistakenly turned left into her fruit stand on the east side of the highway and adjacent to the construction zone seeking another business located two miles farther

1. Wanda commenced the action individually and as Guardian of the Person and Estate of Bovio, an incapacitated person, and the trial court granted judgment thereto. However, Bovio died while this appeal stood pending, and Wanda filed a motion to revive, seeking substitution of herself as personal representative of Bovio's estate. We have previously granted Wanda's motion to revive.

2. Both Price and the driver of the other vehicle involved perished in the accident.

south, and that Price smelled of alcohol.[3] The evidence at trial also showed that Price ignored "one way" signs posted in the median, as well as "do not enter" and "wrong way" signs posted facing south in the northbound lanes.

In support of the damage claim, Appellees introduced medical bills of nearly $212,000.00 allegedly incurred or to be incurred as a result of Bovio's injuries sustained in the accident. ODOT objected to Appellees' medical expense evidence, pointing to Bovio's otherwise arguably failing health, and asserted that not all of the claimed expenses should or could be attributed to the injuries Bovio sustained in the accident.

Upon consideration of the evidence, the trial court found Price sixty-five percent (65%) negligent, ODOT twenty-five percent (25%) negligent, Bovio ten percent (10%) negligent, and determined Appellees' damages at about $685,000.00. Because ODOT's 25% share of the damages exceeded the $100,000.00 damage limitation imposed by the OGTCA, the trial court thus granted judgment for Appellees and against ODOT for $100,000.00, together with post-judgment interest at the prevailing rate. ODOT appeals.

■ In its first proposition, ODOT again argues exemption from liability under the OGTCA. The sections of the OGTCA here argued to apply provide:

The state or a political subdivision shall not be liable if a loss or claim results from:

. . . . .

28. Acts or omissions done in conformance with then current recognized standards; [or]

29. Maintenance of the state highway system or any portion thereof unless the claimant presents evidence which establishes either that the state failed to warn of the unsafe condition or that the loss would not have occurred but for a negligent affirmative act of the state;....

51 O.S.1991 § 155, renumbered, 51 O.S.Supp. 1994 § 155(29), (30). In this proposition, ODOT argues the evidence showed that the measures Appellees asserted ODOT should have undertaken were "optional" under existing guidelines as to bring ODOT within the § 155(28) exemption, and that any failures of ODOT to warn, either by signs or flagmen, constituted acts of omission, not "but for" "affirmative" acts of commission on which § 155(29) conditions application of the general § 155 exemption from liability.

Section 155(28) grants an exemption from liability for either "acts or omissions done in conformance with then current recognized standards," and the trial court implicitly determined that ODOT did not substantially comply with the most recent guidelines for placement of signs as to render the § 155(28) exemption inapplicable. We have reviewed the testimony of the ODOT traffic engineer responsible for establishing ODOT warning sign guidelines and placement of signs at the construction zone, and find that testimony arguably supportive of the trial court's rejection of ODOT's § 155(28) defense. Stated otherwise, even if the state might arguably be exempt from liability under § 155(29), the legislature has waived the state's exemption from liability in § 155(28) where the state or its agents fail to act in conformance with "current recognized standards," and we find some evidence supporting a conclusion that ODOT did not comply with "current recognized standards" for placement of road signs. ODOT is therefore not exempt from liability.

■ In its second proposition, ODOT argues that Oklahoma law presumes Price to have caused the accident, relieving ODOT from any liability it might otherwise shoulder. Here, ODOT asserts that because Oklahoma statute mandates (1) that "upon a roadway designated and signposted for one-way traffic a vehicle shall be driven only in the direction posted," and (2) that on divided highways, "every vehicle shall be driven only upon the right hand roadway," and because the uncontroverted evidence showed that Price drove his vehicle on the wrong side of

3. In fact, other evidence showed Price's postmortem blood-alcohol concentration (BAC) at .07 gr./210 1.

the divided highway, Price should be presumed to have caused the accident and Appellees' injuries to the exclusion of any contributing cause by and consequent liability of ODOT. 47 O.S. §§ 11–308, 311; *Ankney v. Hall,* 764 P.2d 153, 155 (Okla.1988).

■ However, the question of intervening versus concurrent cause of injury stands properly submitted to the fact finder, be it judge or jury. *Long v. Ponca City Hospital, Inc.,* 593 P.2d 1081 (Okla.1979). We are here unwilling to hold as a matter of law that Price's negligence constituted an intervening, superseding cause of Appellees' injuries, Appellees, in our opinion, having presented evidence reasonably tending to show that ODOT's alleged negligence combined with that of Price to cause Appellees' injuries. We therefore reject this proposition.

■ In its third proposition, ODOT asserts Appellees failed to present evidence that Bovio's then current medical condition causally resulted from the injuries sustained in the accident. In particular, ODOT complains that Appellees presented only lay testimony establishing a possible causal relationship between the accident and Bovio's then current medical condition as to impose liability therefor on ODOT. However, from our review of the record, it appears to us that Appellees presented, and the trial court admitted without ODOT's objection, documentary evidence tending to attribute (at least part of) Bovio's damages and condition to the accident. Moreover, the lay testimony adduced clearly established, in our view at least some of Bovio's declining medical condition to the injuries sustained in the auto accident, and we hold the trial court did not err in admitting that lay testimony competent and probative on the issue. *See, e.g., Reed v. Scott,* 820 P.2d 445 (Okla.1991). We therefore reject this proposition.

■ In its last proposition, ODOT challenges the trial court's assessment of damages as excessive, here as in the preceding proposition, attacking sufficiency of Appellees' proof. However, "In a law action the verdict of the jury is conclusive as to all disputed facts and all conflicting statements, and where there is any competent evidence reasonably tending to support the verdict of the jury, the appellate court will not disturb the verdict and judgment based thereon." *See, e.g., Baker v. Locke Supply Co.,* 736 P.2d 155, 157 (Okla.1987) (conflicting evidence of

damages); *Walker v. St. Louis–San Francisco Ry. Co.,* 646 P.2d 593, 597 (Okla.1982) (conflicting evidence of damages). Further, the trial court's judgment on the facts in a non-jury trial is entitled to the same deference as a jury's verdict on the facts. *American Fertilizer Specialists, Inc. v. A.J. Wood, Jr.,* 635 P.2d 592, 593 (Okla.1981). We have reviewed the record, and cannot say the trial court's determination either stands unsupported by the requisite competent evidence, or is so excessive as to warrant appellate intervention.

■ However, insofar as the trial court awarded post-judgment interest, we hold the trial court erred. Section 154(A)(2) of the OGTCA strictly limits a governmental entity's tort liability to $100,000.00, and we read nothing in that limitation to allow imposition of post-judgment interest as to result in a greater liability than $100,000.00. That part of the trial court's order granting post-judgment interest should therefore be reversed.

The order of the trial court granting judgment to Appellees is therefore AFFIRMED. That part of the trial court's order granting post-judgment interest is REVERSED.

JONES, P.J., concurs.

GARRETT, J., dissents.