1999 OK CIV APP 30

**STATE of Oklahoma, ex rel. The UNIVERSITY HOSPITALS, Plaintiff/Appellant,**

v.

**James W. ANNESLEY and Gwendylon K. Annesley, a/k/a Gwendylon K. Norton, Defendants/Appellees,**

**Safeco Insurance Company of America, by serving the Oklahoma Insurance Commissioner, Attention Comptroller Division, 3814 N. Santa Fe, Oklahoma City, Garnishee.**

**No. 91,128.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 19, 1999.

**1110**

Wm. Owen Garretson, Oklahoma City, Oklahoma, For Appellant.

Bob A. Smith, Purcell, Oklahoma, For Appellees.

JOPLIN, Judge:

¶ 1 Plaintiff/Appellant State of Oklahoma, ex rel. The University Hospitals (Hospital) seeks review of the trial court's order holding unpaid annuity funds in the hands of the Garnishee, Safeco Insurance Company, exempt from attachment/execution to satisfy Hospital's judgment against Defendant/Appellees James W. Annesley and Gwendylon K. Annesley (collectively, Annesley). In this appeal, Hospital asserts the trial court erred as a matter of fact and law in so holding.

¶ 2 Annesley brought a medical malpractice claim against another. In settlement of that claim, Annesley accepted a $480,000.00 annuity purchased by the tortfeasor from Garnishee. Over the course of the years, Garnishee paid Annesley at the rate of $30,000.00 bi-annually.

¶ 3 In December 1993, Hospital initiated the instant action against Annesley to collect $119,175.49 for unpaid services rendered, and in 1995 obtained judgment. In December 1997, Hospital commenced garnishment proceedings against Garnishee, seeking to attach part of the unpaid amount due Annesley from the annuity, according to discovery thereafter conducted, some $210,000.00. Annesley objected, claiming the proceeds of the annuity exempt under 36 O.S. § 3631.1, which provides:

A. All money or benefits of any kind, including policy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, under any policy issued by a mutual benefit association, or under any plan or program of annuities and benefits, shall:

1. Inure exclusively to the benefit of the person for whose use and benefit the money or benefits are designated in the policy, plan or program;

2. Be fully exempt from execution, attachment, garnishment or other process;

3. Be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are paid or rendered; and

4. Be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

36 O.S. Supp.1992 § 3631.1(A). Hospital responded, asserting that as the fruit of the settlement of Annesley's medical malpractice action, i.e., "a claim for personal bodily injury," and notwithstanding conversion of the settlement to an annuity, only the first $50,-000.00 of the settlement and consequent payments under the annuity received protection under 31 O.S. § 1, which provides:

    A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

    . . .

    21. Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages;....

31 O.S.1991 § 1(A)(21).

¶ 4 On consideration of the parties' evidence, argument and briefs, the trial court found that 36 O.S. § 3631.1 controlled as to exempt the balance of Annelsey's annuity from Hospital's garnishment claim. Hospital moved for reconsideration, which the trial court denied, and Hospital appeals to this Court.

¶ 5 In this appeal, Hospital first argues that 36 O.S. § 3631.1 does not apply because Annesley is not an "insured" contemplated by that section. Hospital secondly argues that the annuity payments pursuant to settlement of Annesley's medical malpractice claim constitute "an interest in a claim for personal bodily injury" under 31 O.S. § 1(A)(21), that § 1(A)(21) operates to protect only the first $50,000.00 in payments in settlement of Annesley's claim for medical malpractice, i.e., personal bodily injury, and that since Annesley has already received $280,000.00 in annuity payments, the remaining $210,000.00 of the settlement still in the hands of Garnishee enjoy no exemption from garnishment. Annesley responds, asserting the annuity funds are not from a personal bodily injury, workers' compensation or death claim as re-

quired for application of § 1(A)(21), and that because pursuant to the settlement documents, the annuity may not be accelerated, assigned or otherwise conveyed or encumbered, Annesley's settlement annuity comes within the protections of § 3631.1.

¶ 6 We first reject Annesley's suggestion that the annuity funded by settlement of the medical malpractice claim does not constitute "an interest in a claim for personal bodily injury" as contemplated by § 1(A)(21). The Supreme Court treats a medical malpractice claim as one for personal bodily injury under § 1(A)(21), and held debtors in a bankruptcy action entitled under § 1(A)(21) to claim a $50,000 exemption for a pending workers' compensation claim and a $50,000 exemption for pending claim for a medical malpractice injury separate and distinct from workers' compensation injury. *In re Anderson*, 1996 OK 135, ¶¶ 13, 14, 932 P.2d 1110, 1115.

¶ 7 In this regard, the parties cite, and we find, no Oklahoma cases touching on the interplay between § 1(A)(21) and § 3631.1. Hospital, however, points to two related cases applying § 1(A)(21) as instructive and arguably supportive of its position, one from the Court of Appeals, and one from the federal Bankruptcy Court of the Western District of Oklahoma. *See, Amfac Distribution Corp. v. Cella*, 1989 OK CIV APP 37, 776 P.2d 571; *In re Cella*, 128 B.R. 574 (Bankr. W.D.Okla.1991).

¶ 8 In *Amfac v. Cella*, a judgment debtor received $4,000.00 per month "represent[ing] the insurance settlement resulting from her husband's death," and when a judgment creditor sought to garnish the insurance company making the monthly payments to debtor, the debtor asserted that although she had received over $400,000.00 in payments from the insurance settlement, she had never *claimed* a 31 O.S. § 1(A)(21) exemption, and that she could now claim § 1(A)(21) protection to defeat the garnishment. *Amfac v. Cella*, 1989 OK CIV APP 37, ¶¶ 5–6, 776 P.2d at 572. The trial court rejected debtor's argument, reasoning § 1(A)(21) protected only the *first* $50,000.00 of the insurance settlement, and this Court affirmed, holding

that the debtor's "election theory" would allow her to keep more than $400,000.00, "in conflict with the wording of [§ 1(A)(21)] ... [exempting] a *maximum* sum of $50,000." *Id.*

¶ 9 In the debtor's subsequent bankruptcy, debtor again sought to invoke the protection of § 1(A)(21), which the bankruptcy court rejected, holding the doctrine of *res judicata* barred relitigation of that issue previously and finally decided adversely to debtor in *Amfac v. Cella. In re Cella,* 128 B.R. at 578. The bankruptcy court also rejected debtor's assertion of protection under § 1(A)(20) exempting "retirement plan(s)" and "individual retirement annuities" from satisfaction of creditors' claims, reasoning § 1(A)(20) applied only to "annuities established as a part of a retirement program." *Id.*

¶ 10 While these cases taken together indeed suggest that periodic payments from a personal injury settlement annuity enjoy protection under § 1(A)(21) only to the extent of the first $50,000.00 in payments thereunder, we find no more definitive statement in Oklahoma precedent. In this particular, at least one other jurisdiction has held that absent state or federal law otherwise, payments made pursuant to a personal injury settlement annuity are not exempt from garnishment. *Daniels v. Pecan Valley Ranch, Inc.,* 831 S.W.2d 372 (Tex.App.1992).

¶ 11 Most frequently, the protection afforded a personal injury settlement annuity under state law arises in the course of bankruptcy proceedings. In this regard, the federal bankruptcy courts appear uniform in holding that personal injury settlement annuities enjoy no protection under state statutes exempting life insurance, retirement and disability annuities. *See, In re Rhinebolt,* 131 B.R. 973 (Bankr.S.D.Ohio 1991) (annuity as part of structured settlement agreement in personal injury suit more closely related to account receivable and constitutes annuity in name only enjoying no protection under Ohio exemption for contracts of life or endowment insurance or annuities); *accord, In re Young,* 806 F.2d 1303 (5th Cir.1987) (where debtor, an attorney, retains right to unpaid principle due on annuity representing his attorney's fee pursuant to structured settlement of a client's death case, annuity payments more in the nature of payments on an account receivable, and not exempt under state law protecting "annuities" from creditors' claims). *And see, Commonwealth v. Beisel,* 338 Pa. 519, 13 A.2d 419 (1940) (series of payments by which beneficiary of life insurance policies receives the sums due thereunder together with interest represent nothing more than installment payments of debts owed her by the insurance companies, and do not constitute annuities otherwise exempt from state tax). More particularly, when called upon to construe separate state provisions exempting both life insurance annuities and payments for personal injury, the federal courts uniformly hold that personal injury settlement annuities come under the more specific personal injury payment exemption. *See, In re Johnson,* 108 B.R. 240 (Bankr.N.D.1989) (North Dakota statute exempting $7,500 in payments on account of personal bodily injury constitutes the more specific provision and applies to structured personal injury settlement annuity, rather than exemption for payments made pursuant to annuity policies; held, debtor who suffered serious bodily injury entitled by statute to exempt only $7,500 of structured personal injury settlement annuity); *accord, In re Simon,* 71 B.R. 65 (Bankr.N.D.Ohio 1987) (Ohio statute exempting payments under pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service concerned annuities as used in retirement and disability planning, and not applicable to structured personal injury settlement annuity; structured personal injury settlement annuity subject to more specific exemption for personal bodily injury payments); *In re Fichter,* 45 B.R. 534 (Bankr.N.D.Ohio 1984) (exemption for annuity appearing in state insurance code not applicable to personal injury structured settlement "annuity" which is unrelated to "insurance"; rather, personal injury structured settlement annuity subject to more specific exemption protecting "[a] payment, not to exceed five thousand dollars, on account of personal bodily injury.")

¶ 12 Given the state of Oklahoma law with the broad language of § 3631.1 in our insurance code affording protection to "[a]ll money or benefits of any kind, including poli-

cy proceeds and cash values, to be paid or rendered to the insured or any beneficiary under any policy of insurance issued by a life, health or accident insurance company, under any policy issued by a mutual benefit association, or under any plan or program of annuities and benefits," and the more specific language of § 1(A)(21) protecting "interest[s] in a claim for personal bodily injury," and after *Amfac v. Cella* and *Anderson,* only to the extent of the first $50,000.00 paid or payable as a result thereof, we are persuaded that traditional rules of statutory construction dictate that the more specific language of § 1(A)(21) controls over the general language of § 3631.1. *See, e.g., City of Tulsa v. Smittle,* 1985 OK 37, 702 P.2d 367 (where two statutes deal with the same subject matter, one specific and one general, the specific statute controls, with both the general and specific statutory provision given "harmonious" effect); *accord, Beidleman v. Belford,* 1974 OK 72, 525 P.2d 649; *Matter of Guardianship of Campbell,* 1966 OK 99, 450 P.2d 203. That is to say, notwithstanding the "annuity" feature of Annesley's structured settlement of the medical malpractice claim, the "annuity" represents the fruit of a claim for "personal bodily injury," and as such bears little or no resemblance to the various forms of periodic "insurance" payments governed by the Oklahoma insurance code and protected from creditor's claims by § 3631.1.

¶ 13 We therefore hold the Annesley personal injury settlement annuity not protected from garnishment by § 3631.1, but rather subject to the limited protection of § 1(A)(21), in the present case, exhausted by the previous payments in excess of the $50,000.00 maximum. We consequently further hold the trial court erred in determining otherwise.

¶ 14 The order of the trial court denying Hospital's motion for new trial is therefore REVERSED, and the cause REMANDED for further proceedings.

GARRETT, J., and BUETTNER, P.J., concur.