1999 OK 31

**In re: Claude R. and LaDonna J. ALEXANDER, Debtors.**

**No. 92,587.**

Supreme Court of Oklahoma.

April 20, 1999.

B. David Sisson, Norman, Oklahoma, for Debtors.

Gary D. Hammond, Jeffrey E. Tate, Oklahoma City, Oklahoma, for Trustee.

¶1 KAUGER, J.:

¶2 The question certified [1] is whether the $50,000 personal injury exemption enumerated in 31 O.S. Supp.1998 § 1(A)(21) [2] includes funds received before and/or after a petition in bankruptcy is filed. We find that although funds received and expended pre-petition do not exhaust the exemption for personal bodily injury awards, monies in excess of $50,000 received after filing bankruptcy accrue to the benefit of the bankruptcy estate.

## FACTS

¶3 The debtors, Claude R. and La-Donna J. Alexander (debtors/Alexanders), filed bankruptcy on September 3, 1998. Fifteen years earlier—in 1983, LaDonna Alexander began receiving monies from a structured settlement for a loss of consortium claim [3] arising from the injury of a former

1. The Bankruptcy Court certified the question as follows:

"Whether, pursuant to Okla. Stat. tit. 32, § 1(A)(21), concerning a person residing in Oklahoma who claims an exemption for a personal injury claim:
1) does the $50,000 exemption limit include or exclude any sums received by the debtor prior to the date the exemption is claimed; and
2) does the $50,000 exemption limit include or exclude any sums to be received by the debtor in the future." [Footnotes omitted.]

The question is reformulated pursuant to 20 O.S. Supp.1997 § 1602.1.

2. Title 31 O.S. Supp.1998 § 1(A)(21) provides in pertinent part:

"A. Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:
... 21. Such person's interest in a claim for personal bodily injury, death or workers' compensation claim, for a net amount of not in excess of Fifty Thousand Dollars ($50,000.00), but not including any claim for exemplary or punitive damages ..."

The quoted statute was amended effective November 1, 1998. The bankruptcy petition was filed on September 3, 1998. Because the statute in effect on that date is identical to the quoted version, all references are to the current statute.

3. The trustee does not contest the exempt status of a consortium claim. We note that consortium actions are considered derivative of the other spouse's personal action and exempt under 31 O.S. Supp.1998 § 1(A)(21), see note 2, supra; *In re Anderson*, 1996 OK 135, ¶4, 932 P.2d 1110, 1111; *In re Loyd*, 86 B.R. 663, 664 (Bankr. W.D.Okla.1988).

husband. The settlement consists of two annuities. One annuity provides for monthly payments of $900. The second annuity pays a lump-sum of $4,645 every five years. It is uncontested that the debtors received in excess of $50,000 before filing for bankruptcy.[4] However, there is no assertion that the debtors retain any of the settlement funds previously disbursed.

¶4 When the voluntary chapter 7 bankruptcy was filed, the debtors claimed exemptions for the two annuities arguing that pre- and post-petition payments were not part of the bankruptcy estate. Citing 31 O.S. Supp. 1998 § 1(A)(21),[5] the Alexanders sought to exempt $40,000.00 in the monthly-pay annuity and $4,645.00 in the annuity paying a lump-sum each five years. The trustee in bankruptcy (trustee) filed an objection in the bankruptcy court to the exemptions claimed. The trustee asserted that because the debtors had received in excess of $50,000 before filing that the exemption for personal injury contained in 31 O.S. Supp.1998 § 1(A)(21) had been exhausted.

¶5 A hearing was held before the bankruptcy judge on October 9, 1998, concerning the debtors' claim of exemption. Finding no Oklahoma precedent to resolve the question of law, the bankruptcy court certified the question to this Court pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S. Supp.1997 § 1601, *et seq.*, on February 3, 1999. We set a briefing cycle which was completed when the final reply brief was filed on March 18, 1999.

**I.**

¶6 **THE BANKRUPTCY ESTATE AND THE RIGHT TO EXEMPTION ARISE ONLY UPON THE FILING OF A PETITION IN BANKRUPTCY. THEREFORE, THE PERSONAL INJURY EXEMPTION AFFORDED DEBTORS BY 31 O.S. Supp.1998 § 1(A)(21) IS NOT REDUCED BY MONIES RECEIVED AND EXPENDED BEFORE BANKRUPTCY IS FILED.**

¶7 The debtors and the trustee agree that 31 O.S. Supp.1998 § 1(A)(21) limits the value of the claimed exemption in both annuities to $50,000. The disagreement arises over how—and when—the exemption is calculated. The Alexanders assert that amounts received pre-petition are not a portion of the $50,000 exemption. The trustee contends that the language in 31 O.S. Supp. 1998 § 1(A)(21) is clear and unambiguous and that its reference to "a net amount" not to exceed $50,000 unequivocally encompasses all payments from the annuities.

¶8 The trustee's contention that the legislative intent in § 1(A)(21) is so apparent that the statute is not subject to interpretation is unconvincing. In two cases — *In re Anderson*, 1996 OK 135, ¶8, 932 P.2d 1110, 1112 and *Peoples State Bank & Trust Co. v. Brooks*, 1988 OK 12, ¶7, 750 P.2d 479, 480, this Court found the language of the statute ambiguous.[6] In *Anderson*, we reiterated our commitment to the rule that statutes exempting property for forced sale for the payment of debts are to be given a reasonable construction to effect their intent and purpose. In cases of doubt, the doubt will be resolved in favor of the exemption.[7]

---

4. In the proposed certification order, the debtors object to statements by the trustee that LaDonna Alexander: has received monthly distributions of $900.00 per month and five year distributions of $4,645.00 since 1983; will receive distributions from both annuities for the remainder of her life; and has received approximately $180,580.00 from the annuities. Nevertheless, in the same document, the debtors admit that LaDonna Alexander received in excess of $50,000.00 from the annuities before filing the bankruptcy petition.

5. Title 31 O.S. Supp.1998 § 1(A)(21), see note 2, supra.

6. *In re Anderson*, see note 3 at ¶4, supra. [Statute ambiguous in that it does not specifically delineate: 1) whether a debtor is limited to a single exemption from one of the three classes in an amount not to exceed $50,000; 2) whether two or more of the three classes of claims may be combined to exempt an amount not in excess of $50,000; or 3) whether a debtor with separate and distinct interests may exempt up to $50,000 for each interest claimed.]; *Peoples State Bank & Trust Co. v. Brooks*, 1988 OK 12, ¶7, 750 P.2d 479, 480 [Ambiguity existed in the construction to be given the word "death."]. But see, *Amfac Distr. Corp. v. Cella*, 1989 OK CIV APP 37, ¶6, 776 P.2d 571, finding the wording of the statute "clear and unambiguous."

7. *In re Loyd*, see note 3, supra; *In re Anderson*, see note 3 at ¶8, supra; *In re Lindsey*, 1992 OK 66, ¶10, 832 P.2d 1, 4; *In re Siegmann*, 1988 OK

¶ 9 Two Oklahoma appellate court cases address the issue of whether the pre-petition receipt of funds will be considered as exhausting a debtor's rights to exemption under 31 O.S. Supp.1998 § 1(A)(21): *Amfac Distr. Corp. v. Cella*, 1989 OK CIV APP 37, 776 P.2d 571 and *State of Oklahoma ex rel. The Univ. Hosp. v. Annesley*, 1999 OK CIV APP 30, 70 O.B.J. 678, 976 P.2d 1109 [Both released for publication by order of the Court of Civil Appeals].[8] The debtor in *Amfac* received a $4,000 monthly payment from an insurance settlement resulting from the death of her husband. She attempted to have the payment exempted from garnishment proceedings under § 1(A)(21). The Court of Civil Appeals found that the debtor was not entitled to an exemption because she had received in excess of $400,000 before the garnishment proceedings were instituted. The appellate court held that the exemption extended only to the first $50,000 paid to the debtor under the settlement.

¶ 10 In *Annesley*, the Court of Civil Appeals was presented with the issue of whether an annuity sought to be exempted from garnishment should be treated as fully exempt as a life insurance policy or subject to the personal injury award exemption of $50,000 under 31 O.S. Supp.1998 § 1(A)(21). Determining that the annuity was subject to the $50,000 limitation of § 1(A)(21), the appellate court relied upon *Amfac* in finding that the debtor's receipt of more than $50,000 before the institution of garnishment proceedings had exhausted the personal injury exemption.

¶ 11 This is the first instance in which this Court has been asked to consider the issue of exhaustion of the personal injury exemption through pre-petition payments — certiorari was not filed in *Amfac* or in *Annesley*. [Additionally, the debtor in *Amfac* did not submit authority in support of the exemption argument[9] and in *Annesley*, the appellate court relied on *Amfac* as persuasive of the issue.] Nevertheless, the question has been addressed in the federal bankruptcy courts. Those courts have held that payments received by debtors prior to filing bankruptcy do not exhaust, deplete or reduce exemptions available to the bankrupt.[10]

¶ 12 The federal courts' findings that pre-petition payments do not affect the

---

59, ¶ 3 757 P.2d 820, 822; *Davis v. Wright*, 1944 OK ——, 194 Okla. 451, 152 P.2d 921, 922.

**8.** The opinions are entitled to persuasive effect only. Rule 1.200, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1. The trustee relies upon *In re Cella*, 128 B.R. 574, 577 (W.D.Okla.1991), in which the bankruptcy court refused to allow the debtor a personal injury exemption based upon the Court of Civil Appeals decision in *Amfac Distr. Corp. v. Cella*, see note 6, supra. The bankruptcy court followed the Court of Appeals opinion because it was barred from revisiting the issue by the doctrine of *res judicata*. *Cella* was distinguished in our opinion, *In re Anderson*, see note 3 at ¶ 9, supra.

**9.** *Amfac Distr. Corp. v. Cella*, see note 6, ¶ 4, providing in pertinent part:

"... Appellant cites no authority in support of her theory allowing election of funds to be treated as exempt...."

**10.** *In re Orso*, 219 B.R. 402, 446 (M.D.Louisiana 1998) [Both pre- and post-petition payments of personal injury annuity held exempt.]; *In re Turner*, 190 B.R. 836, 838 (S.D.Ohio 1996) [Pre-petition payment, no longer in debtor's possession at filing of bankruptcy, not counted against debtor's personal injury exemption.]; *In re Butcher*, 189 B.R. 357, 361 (D. Maryland 1995) [Pre- and post-petition annual payments of $250,000 held exempt.]; *In re Ziegler*, 156 B.R. 151, 154 (W.D.Penn.1993) [Debtor who received $35,000 prior to filing bankruptcy entitled to $7,500 exemption.]; *In re Rundlett*, 153 B.R. 126, 132 (S.D.N.Y.1993) [$1.2 million spent from insurance proceeds prior to filing of bankruptcy petition could not be considered in reduction of exemption.]; *In re Starr*, 123 B.R. 314 [Pre-petition payment of $13,268.94 not counted against debtor's personal injury exemption arising upon filing of bankruptcy.]; *In re Haga*, 48 B.R. 492, 495 (E.D.Tenn.1985) [Trustee sought to reduce $7,500 exemption by $3,085 permitted to be withdrawn during bankruptcy proceedings. Bankruptcy court held debtor entitled to entire $7,500 exemption as representing compensation for bodily injury or loss of future earning capacity.]. See also, *In re McCollam*, 612 So.2d 572, 574 (Fla.1993) [Florida Supreme Court found all proceeds from personal injury annuity, both those paid pre- and post-petition, exempt under Florida law.]. But see, *Matter of Young*, 806 F.2d 1303, 1307 (5th Cir.1987) [Finding that a structured settlement for personal injury award was really an account receivable and not subject to exemption. The *Young* decision has been highly criticized and extensively distinguished. See discussion, *In re Orso*, this note, supra.].

debtor's right of exemption are based on the nature of bankruptcy proceedings. When a bankrupt files a petition, all of the debtor's property becomes property of the bankruptcy estate.[11] However, debtors are permitted to remove certain property from the bankruptcy estate by claiming exemptions.[12] The line of separation between the debtor's property and the bankruptcy estate is settled in the bankrupt's affairs on the date the bankruptcy petition is filed.[13] References to exemptions refer to this point in time [14]—when the general estate passes out of the bankrupt's control and when the creditors' and trustees' rights are fixed. It is here that the right of exemption arises.[15] Exemptions allow the withdrawal of property from the bankruptcy estate which would otherwise be subject to levy and sale under judicial process.[16] It is the trustee's duty to set aside the bankrupt's legally claimed exemptions.[17]

Property received before the filing date and depleted or expended is not within the pool of assets constituting property of the estate.[18]

¶ 13 The analysis of the federal courts is convincing. Payments received and expended pursuant to the personal bodily injury award before the debtors filed bankruptcy are not a part of the bankruptcy estate. The trustee cannot claim a right to the debtors' property before the bankruptcy case is commenced.[19] Therefore, we find that the debtors are entitled to a $50,000 personal injury exemption pursuant to 31 O.S. Supp.1998 § 1(A)(21).[20] To the extent that the Court Civil Appeals opinions in *Amfac Distr. Corp. v. Cella*, 1989 OK CIV APP 37, 776 P.2d 571 and *State of Oklahoma ex rel. The Univ. Hosp. v. Annesley*, 1999 OK CIV APP 30, 70 O.B.J. 678, 976 P.2d 1109 are in conflict, they are expressly overruled.

**11.** Title 11 U.S.C. § 541 (1992) provides in pertinent part:

"The commencement of a case under sections 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case...."
*Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992); *In re Orso*, see note 10 at 412, supra.

**12.** *In re Jackson*, see note 15, infra. Because Oklahoma has opted out of the federal scheme of exemptions, debtors are limited to the exemptions provided under Oklahoma law. Title 31 O.S. Supp.1998 § 1(b) provides:

"No natural person residing in this state may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Section 522 of the Bankruptcy Reform Act of 1978, Public Law 95–598, 11 U.S.C.A. 101 et seq., except as may otherwise be expressly permitted under this title or other statutes of this state."
*In re Anderson*, see note 3 at ¶ 14, supra; *In re Walker*, 959 F.2d 894 (10th Cir.1992); *In re Pelter*, 64 B.R. 492, 494 (W.D.Okla.1986).

**13.** *In re Turner*, see note 6, supra; *In re Rundlett*, 142 B.R. 655, aff'd, 153 B.R. 126 (1993).

**14.** *In re Kollar*, 218 B.R. 349, 351 (E.D.Penn. 1998), aff'd, 223 B.R. 288 (1998).

**15.** *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) [Although the applicability of *White* to post–1978 federal exemption cases has been questioned, it has not been distinguished for state exemption purposes.] *In re Kollar*, note 14, supra; *Matter of Patterson*, 825 F.2d 1140, 1143–45 (7th Cir.1987)]; In re *Bronner*, 135 B.R. 645, 647 (9th Cir. BAP 1992); *In re Jackson*, 194 B.R. 867, 870 (D.Ariz.1995); *In re Starr* see note 10, supra.

**16.** *Taylor v. Freeland & Kronz*, see note 11, supra; *In re Rundlett*, see note 10 at 133, supra; *In re Bronner*, see note 15, supra.

**17.** *Mansell v. Carroll*, 379 F.2d 682, 684 (10th Cir.1967).

**18.** *In re Ziegler*, see note 10, supra. Although a trustee does possess powers to avoid certain prepetition transfers by the debtor in order to bring back the transferred property into a debtor's estate, e.g., preferential or fraudulent transfers, there has been no argument that such transfers have occurred here.

**19.** *In re Ziegler*, see note 10, supra; *In re Rundlett*, see note 10, supra.

**20.** Title 31 O.S. Supp.1998 § 1(A)(21), see note 2, supra.

## II.

¶ 14 **THE BANKRUPTCY ESTATE CONSISTS OF ALL A DEBTOR'S LEGAL OR EQUITABLE INTERESTS. THEREFORE, PAYMENTS FOR PERSONAL BODILY INJURY RECEIVED AFTER FILING BANKRUPTCY ARE SUBJECT TO EXECUTION TO THE EXTENT THEY EXCEED THE ALLOWABLE EXEMPTION.**

■ ¶ 15 Without citing any authority, the debtors argue that any monies received from the annuities after the date of filing bankruptcy are exempt. The assertion is based upon an argument that any "future" payments from the annuities are too speculative to fall within the bankruptcy estate. The trustee maintains that failing to allow execution against future payments in excess of the $50,000 exemption enumerated in 31 O.S. Supp.1998 § 1(1)(A) would clearly allow the debtors an exemption in excess of that intended by the Legislature. We agree.

■ ¶ 16 The Alexanders make no cogent argument why the "contingent" nature of their rights in the annuities removes the property from the bankruptcy estate. Although the certification order indicates that the Alexanders refused to agree to the outlined schedule of payments,[21] it is uncontested that the annuities exist and that the debtors have attempted to exempt both monthly and the lump-sum payments. Nevertheless, the contingent nature of the rights to the annuities is insufficient to remove them from the bankruptcy estate.

■ ¶ 17 Filing of the bankruptcy petition moves all of a debtor's property—legal and equitable—into the bankruptcy estate.[22] The fact that the asset is composed of annuity contracts which provide for future payments does not remove it from the property against which the trustee may levy. *In re Ziegler*, 156 B.R. 151, 154 (W.D.Penn.1993), involved an annuity contract similar to the ones at issue here—debtors expected to receive future payments in excess of the $7,500 exemption provided under federal law.[23] After finding that any pre-petition payments did not reduce the allowable exemption, the bankruptcy court stated:

"... After the Debtor's $7,500 exemption, the remainder of the Annuity Contract is property of the estate subject to the Trustee's administration." [24]

We agree with the assessment of the federal court. It comports with *In re Anderson*, 1996 OK 135, ¶ 14, 932 P.2d 1110, 1114, in which we recognized that even potential recoveries for a workers' compensation claim and for a personal injury action were items of the bankruptcy estate for which the debtor could claim exemptions. Here, the annuities became part of the bankruptcy estate once the cause was filed. Therefore, we find that they are subject to execution to the extent they exceed the allowable exemption provided in 31 O.S. Supp.1998 § 1(A)(21).

## CONCLUSION

¶ 18 Provisions of bankruptcy law define the property of a debtor's bankruptcy estate and when exemptions in such property are effective.[25] Because Oklahoma has opted out of the federal scheme, debtors are limited to the exemptions provided under state law.[26] Exemptions are intended to provide debtor's with sufficient assets for a fresh start and to

---

**21.** See note 4, supra.

**22.** Title 11 U.S.C. § 541 (1992), see note 11, supra; *In re Pelter*, see note 12, supra.

**23.** The fact that Oklahoma provides a more generous exemption for the personal injury award in 31 O.S. Supp.1998 § 1(A)(21), see note 2, supra, than may be allowed by federal law is immaterial. *In re Golden*, 789 F.2d 698, 700 (9th Cir. 1986); *In re Butcher*, see note 10 at 357, supra.

**24.** See also, *In re Bronner*, note 15, supra [Lawsuit became property of estate at time of filing of petition. Debtors were permitted to acquire in-terest in suit by claiming an exemption.]; *In re Jackson*, 194 B.R. 867, 872 (D.Ariz.1995) [Lawsuit is property of bankruptcy estate from which debtors may claim applicable exemptions.].

**25.** *In re Turner*, see note 10, supra.

**26.** Title 31 O.S. Supp.1998 § 2(b), see note 15, supra; *In re Anderson*, see note 3 at ¶ 14; *In re Walker*, see note 12, supra; *In re Pelter*, see note 12, supra.

keep bankrupts from becoming a charge on society.[27] A declaration that pre-petition payments exhaust exemptions would require us to ignore the nature of the bankruptcy estate and would defeat the purpose of exemptions. A holding that all payments made post filing are exempt would expand the right of exemption beyond its intended bounds.[28] It is our duty to give effect to legislative acts, not to amend, repeal or circumvent them.[29] Pursuant to 31 O.S. Supp. 1998 § 1(A)(21),[30] the funds received and expended pre-petition do not exhaust the exemption for personal bodily injury awards, monies in excess of $50,000 received after filing bankruptcy accrue to the benefit of the bankruptcy estate.

### QUESTION ANSWERED.

¶ 19 The question is answered as follows: 1) because the bankruptcy estate is created and the debtor's right to exemption arises only upon the filing of a bankruptcy petition, the $50,000 personal injury exemption afforded debtors by 31 O.S. Supp. 1998 § 1(A)(21) is not reduced by monies received and expended before filing bankruptcy; and 2) because the bankruptcy estate consists of all the debtor's legal or equitable interests, payments for personal bodily injury received after the bankruptcy petition is filed are subject to execution to the extent they exceed the allowable exemption.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, SIMMS, ALMA WILSON, and WATT, JJ. concur.

OPALA, J. concurs in result.

---

27. *In re Turner,* see note 10, supra; *In re Pelter,* see note 12, supra.

28. See, *In re Ziegler,* note 10, supra; *In re Bronner,* note 15, supra; *In re Jackson,* note 24, supra; *In re Anderson,* note 3 at ¶ 14, supra.

29. *City of Hugo v. Public Employees Relations Bd.,* 1994 OK 134, ¶ 23, 886 P.2d 485, 495 (Okla. 1994); *McSorley v. Hertz,* 1994 OK 120, ¶ 22, 885 P.2d 1343, 1352.

30. Title 31 O.S. Supp.1998 § 1(A)(21), see note 2, supra.